UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

ROBERT O'NEIL,

            Plaintiff,

  -against-

EMILY RATAJKOWSKI and EMRATA
HOLDINGS, LLC,

            Defendants.

------------------------------------------------------ X

Docket No. 1:19-cv-9769-AT

**DEFENDANTS EMILY RATAJKOWSKI AND EMRATA HOLDINGS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**JURY TRIAL DEMANDED**

      Defendants Emily Ratajkowski and Emrata Holdings, LLC ("Defendants") hereby answer the Complaint filed on October 24, 2019 (the "Complaint") by Robert O'Neil ("Plaintiff"), and set forth their Affirmative Defenses below.  Defendants specifically deny any and all substantive allegations of any wrongdoing and all allegations not expressly admitted below.

## NATURE OF THE ACTION

Response to Paragraph No. 1:

      Defendants deny any liability or wrongdoing as alleged in Paragraph No. 1 of the Complaint and state that to the extent that Paragraph No. 1 does not make substantive allegations, the contents of Paragraph No. 1 are denied to the extent the allegations set forth a legal conclusion to which no response is required.

Response to Paragraph No. 2:

      Defendants deny the contents of Paragraph No. 2 as a legal conclusion to which no response is required, but admit that only to the extent Plaintiff has instituted this action under the Copyright Act, 17 U.S.C. § 101 *et seq.*, this Court has subject matter jurisdiction over this action.

4845-0042-2834.2

Defendants deny that Plaintiff has any actual "claim" under the Copyright Act.

Response to Paragraph No. 3:

Defendants deny the contents of Paragraph No. 3 as a legal conclusion to which no response is required.

Response to Paragraph No. 4:

Defendants deny the contents of Paragraph No. 4 as a legal conclusion to which no response is required.

Response to Paragraph No. 5:

Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph No. 5 of the Complaint and, on that basis, denies them.

Response to Paragraph No. 6:

Defendants deny the characterization of 49 Bleecker Street, New York, New York 10012 as a "place of business," but admit that Defendant Ratajkowski maintains an Instagram account. Defendants otherwise deny any wrongdoing.

Response to Paragraph No. 7:

Defendants deny the characterization of 49 Bleecker Street, New York, New York 10012 as a "place of business," or that Defendant Emrata Holdings LLC conducts or transacts any business in New York. Defendants only admit the allegations of Paragraph No. 7 of the Complaint regarding the corporate status of Defendant Emrata Holdings LLC as a foreign limited liability company. Defendants otherwise deny any wrongdoing.

Response to Paragraph No. 8:

Defendants admit the allegations of Paragraph No. 8 of the Complaint only to the extent that Plaintiff has photographed Defendant Ratajkowski, but lack knowledge and information

sufficient to form a belief as to the truth of the remainder of allegations of Paragraph No. 8 of the Complaint. Defendants respectfully refer the Court to any attachments to Plaintiff's Complaint to review their contents.

Response to Paragraph No. 9:

Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations of Paragraph No. 9 of the Complaint and, on that basis, denies them.

Response to Paragraph No. 10:

Defendants admit that Plaintiff has apparently registered numerous copyrights with the United States Copyright Office, but deny knowledge of information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph No. 10 of the Complaint and, on that basis, denies them.

Response to Paragraph No. 11:

Defendants deny the allegations of Paragraph No. 11 of the Complaint.

Response to Paragraph No. 12:

Defendants deny the allegations of Paragraph No. 12 of the Complaint and deny that Defendants have any obligation to obtain Plaintiff's permission or consent to publish the alleged photograph on Defendants' Website.

Response to Paragraph No. 13:

Defendants repeat and re-allege each and every allegation contained in Paragraphs No. 1 through 12 above.

Response to Paragraph No. 14:

Defendants deny the allegations of Paragraph No. 14 of the Complaint.

Response to Paragraph No. 15:

Defendants deny the allegations of Paragraph No. 15 of the Complaint.

Response to Paragraph No. 16:

Defendants deny the allegations of Paragraph No. 16 of the Complaint.

Response to Paragraph No. 17:

Defendants deny the allegations of Paragraph No. 17 of the Complaint.

Response to Paragraph No. 18:

Defendants deny the allegations of Paragraph No. 18 of the Complaint.

Response to Paragraph No. 19:

Defendants deny the allegations of Paragraph No. 19 of the Complaint.

## RESPONSES TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief against Defendants, whether enumerated as 1 thru 19 of the Complaint or otherwise requested.

## AFFIRMATIVE DEFENSES

Plaintiff's claims against the Defendants are barred in whole or in part by the following affirmative defenses. By asserting the affirmative defenses set forth below, Defendants do not agree or concede that Defendants bear the burden of proof or the burden of persuasion on any of these issues whether in whole or in part. Defendants reserve the right to add or amend their defenses further as additional information is obtained through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

1.      Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state any claim against Defendants on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

2.     Plaintiff's claims are barred, in whole or in part, because Defendants are not infringing, and in the past have not infringed, any of the Plaintiff's alleged copyrights.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability of Copyright)

3.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's copyrights are invalid and/or unenforceable, including by reason of lack of originality and lack of copyrightable subject matter.

## FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

4.     Plaintiff's claims are barred in whole or in part, because the alleged violations of copyrights by Defendants are *de minimis*, nominative, and/or fair use permitted under law.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5.     Plaintiff's claims are barred, in whole or in part, by estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

6.     Plaintiff's claims are barred, in whole or in part, by waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (Authorized Use, License, Consent, Acquiescence)

7.     Plaintiff's claims are barred in whole or in part, by license or the doctrine of implied license because Plaintiff impliedly or explicitly, directly, or indirectly, authorized, licensed, consented to, or acquiesced to Defendants allegedly infringing use of Plaintiff's copyright.

## EIGHTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

8. Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was in good faith and with non-willful intent, at all times.

## NINTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

9. Any claim to enhanced damages and an award of fees and cost against Defendants are barred, in whole or in part, because they have no basis in fact or law.

## TENTH AFFIRMATIVE DEFENSE
### (Constitutional Defenses)

10. Plaintiff's claims are barred, in whole or in part, to the extent Defendants' actions and speech are protected by the First Amendment of the Constitution of the United States and the Constitution of the State of New York.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff has engaged in one or more acts that have misused Plaintiff's copyrights.

## TWELFTH AFFIRMATIVE DEFENSE
### (Scène à faire and Merger Doctrines)

12. Plaintiff's had not suffered and is not entitled to damages under the Scène à faire and Merger Doctrines.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff is not entitled to any relief because Plaintiff has unclean hands.

4845-0042-2834.2

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Bad-Faith)

12. Plaintiff has instituted this Action in bad faith. Plaintiff's Counsel is known to this Court as a "Copyright Troll" and have instituted this action in bad faith and to harass Defendants. Defendants are therefore entitled to their attorney's fees and costs in defending this action.

## PRAYER FOR RELIEF

For all the above reasons, Defendants respectfully request judgment as follows:

1. Plaintiff's Complaint be dismissed with prejudice;

2. The Court award Defendants their fees and costs associated with defending the suit; and

4. Defendants be awarded such other and further relief to the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

Dated: January 24, 2020                    **Nixon Peabody LLP**

By:  /s/Daniel A. Schnapp
     Daniel A. Schnapp
     dschnapp@nixonpeabody.com

Tower 46
55 West 46th Street
New York, NY  10036-4120
212-940-3000
Fax: 212-940-3111

Attorneys for Defendants Emily Ratajkowski and Emrata Holdings, LLC