

Daniel A. Schnapp
*Partner*
T 212-940-3026
dschnapp@nixonpeabody.com

Tower 46
55 West 46th Street
New York, NY 10036-4120
212-940-3000

December 1, 2020

**By ECF, Courtesy Copy By Email**

**The Honorable Analisa Torres
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007**

RE:   <u>O'Neil v. Emily Ratajkowski, et. al. (1:19-cv-9769-AT)</u>

Dear Judge Torres:

As the Court is aware, we represent Defendants Emily Ratajkowski and Emrata Holdings, LLC[1] ("Defendants") in the above-captioned matter.

We write in response to Plaintiff Robert O'Neil's ("O'Neil" or "Plaintiff") Letter Motion dated November 24, 2020, requesting that the Court take "judicial notice" of certain documents (the "Proposed Documents"). Dkt 52. Plaintiff makes this request despite the fact that the Proposed Documents were not previously produced and fact discovery in this case closed on June 29, 2020. Dkt 21. Additionally, the contents of the Proposed Documents are not appropriate for judicial notice. Plaintiff's Letter Motion is, therefore, merely a desperate attempt to avoid summary dismissal.

**<u>The Proposed Documents Should Have Been, but Were Not, Produced in Accordance with Rule 26 and in Response to Defendants' Discovery Requests</u>**

The Proposed Documents were not produced as required under Rule 26 of the Federal Rules of Civil Procedure, and therefore Plaintiff's reliance on them is precluded under the Federal Rules and applicable case law in this District.

---

[1] Plaintiff has conceded, in his letter to the Court dated July 24, 2020, (Dkt. 28), that he no longer seeks liability or damages against Defendant Emrata Holdings, LLC ("Emrata"). Defendants have requested in their pending motion for summary judgment that this Court dismiss this case against Emrata and hold Plaintiff and his counsel liable for Defendant Emrata's fees and costs in defending this action.

4825-1411-9123.4

December 1, 2020
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

The Proposed Documents include three items: (1) a scan of a certified letter allegedly from the United State Copyright Office stating that the included flash drive is the deposit copy for the copyright registration No. VA 2-173-330 (the "330 Registration"); (2) a photograph of a flash drive marked with VA 2-173-330; and (3) a reproduction of the photograph at issue in this case ("O'Neil Photograph").

Whether the O'Neil Photograph is protected by a copyright registration has always been at issue in this case (see Defendants' Affirmative Defenses, Dkt. 17), and Plaintiff could have requested these documents from the Copyright Office at any time. Yet it was not until Defendants demonstrated that Plaintiff had failed to prove the O'Neil Photograph was covered by the 330 Registration that Plaintiff tried to submit the Proposed Documents.

The Proposed Documents were also requested by the Defendants during discovery.[2] In response, Plaintiff never raised the prospect of requesting or producing these documents during discovery. The Proposed Documents were not shown to the parties or deponents during depositions. Plaintiff never asked for an extension of the discovery deadlines in order to acquire these documents.

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires that a party must disclose all documents the party "may use to support its claims or defenses." Plaintiff may not use non-produced documents to "supply evidence on a motion, at a hearing, or at a trial, unless the failure [to produce] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This preclusionary rule applies on motions for summary judgment. *See, e.g., Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 n.2 (S.D.N.Y. 2004). Its purpose is to prevent the practice of "sandbagging" an opposing party with new evidence. *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000). Accordingly, "the Court may bar use of evidence not produced by a party in violation of its discovery obligations." *Heredia v. Americare, Inc.*, No. 17 CIV. 06219 (RWL), 2020 WL 3961618, at *5 (S.D.N.Y. July 13, 2020), reconsideration denied, No. 17 CIV. 06219 (RWL), 2020 WL 4748295 (S.D.N.Y. Aug. 17, 2020). Because Plaintiff did not produce the Proposed Documents in discovery, the Federal Rules bar him from relying on them now.

**Plaintiff is Precluded from Offering the Proposed Documents after the Close of Discovery**

Plaintiff's counsel, Richard Liebowitz, has been explicitly told by this Court many times (and often accompanied by sanctions orders) that he cannot rely on documents produced after discovery to support his claims. *Sands v. Bauer Media Grp. USA, LLC*, No. 17-CV-9215 (LAK), 2019 WL 4464672, at *7 (S.D.N.Y. Sept. 18, 2019). In fact, this Court has said that it is appropriate to preclude Liebowitz (and his clients) from supplementing the factual record "with information and material that was withheld during the course of discovery." *Mantel v. Microsoft Corp.*, 16 Civ. 5277 (AJN), 2018 WL 1602863, at *5 (S.D.N.Y. Mar. 29, 2018). Similarly, in

---

[2] Attached as an exhibit to this letter is Defendants' Requests for Production of Documents. *See* requests 9 and 19.
4825-1411-9123.4

December 1, 2020
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

*Ferdman v. CBS Interactive Inc*., 342 F. Supp. 3d 515, 528 (S.D.N.Y. 2018) this Court precluded similar copyright materials submitted by Liebowitz after the discovery deadline where "Plaintiff has offered no explanation for his failure to produce copyright application-related materials during discovery." Of note, Plaintiff's counsel was recently suspended from practice in this District because of a "repeated disregard" for its orders and scores of other disciplinary actions in courts around the country. *In the Matter of Richard Liebowitz*, order number M-2-238, before the Committee on Grievances of the U.S. District Court for the Southern District of New York.

The documents Plaintiff wishes to submit do not relate to newly discovered issues. Whether or not the O'Neil Photograph is covered by a copyright registration is the most basic element of Plaintiff's claims and any evidence related to such has been relevant throughout this entire litigation. If Plaintiff wanted to rely on documents from the Copyright Office, he could have requested and received those during discovery. Because he failed to do so, he should not be allowed to rely on them at this time. Plaintiff cannot now rely on documents he is producing for the first time after the close of fact discovery.

### **The Proposed Documents are Not a Proper Subject of Judicial Notice**

Even if this Court was to permit this late submission, under Rule 201 of the Federal Rules of Civil Procedure, Courts shall only take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). This Court has found that official records certified by the Copyright Office are appropriate for judicial notice. Therefore, the first page of the proposed documents – which shows a certified letter from the Copyright Office – would be the proper subject for judicial notice. The other two pages, however, do not meet the standard laid out by Fed. R. Evid. 201. The photographs are not generally known within this Court's territory, and their accurate and ready determination has not been made by unquestionable sources.

Notably, the Plaintiff's request is clearly distinguishable from *CJ Prod. LLC v. BTC Enterprises LLC*, where the court did allow judicial notice of deposit materials. No. 10 CIV. 5878 KBF, 2012 WL 1999829, at *6 (S.D.N.Y. June 1, 2012). In *CJ Prod*., the request for judicial notice was accompanied by a signed declaration "that the materials are what they claim to be" as well as a "copy of a Copyright Office sealed document that states 'Copy of a Deposit' and includes the corresponding Copyright registration number." No such certifications accompanied this request. Accordingly, the Proposed Documents are not the proper subject of judicial notice.

4825-1411-9123.4

December 1, 2020
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

### **The Relevance and Authenticity of the Proposed Documents Have Not Been Confirmed**

Plaintiff's Letter Motion claims that the Proposed Documents will "conclusively demonstrate" that the O'Neil Photograph is covered by the 330 Registration. The 330 Registration covered 747 different photographs. O'Neil failed to produce any documents during discovery showing that the O'Neil Photograph was one of those 747 photographs. Plaintiff never produced any documents related to the deposits at the Copyright Office, much less those he would like to rely on here.

However, it is not even clear if the Proposed Documents evidence the necessary registration. While the Proposed Documents do include a copy of the O'Neil Photograph, nowhere in the Letter Motion does Plaintiff certify that the O'Neil Photograph was found on the flash drive provided by the United States Copyright Office. Additionally, the exhibit to the Letter Motion does not include any other photographs, even though the flash drive likely included the other 746 photographs covered by the 330 Registration. The Letter Motion is not accompanied by any affidavit or declaration certifying that the photograph in the attachment was found on the flash drive provided by the Copyright Office. Accordingly, it would be inappropriate for the Court to take judicial notice of, or allow the Plaintiff to rely upon, the Proposed Documents.

We respectfully request that the Court reject the contentions in Plaintiff's Letter Motion and not take judicial notice of documents not produced and never mentioned before.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Daniel A. Schnapp*

DAS

Cc: Richard Liebowitz, Esq.

4825-1411-9123.4