

**Daniel A. Schnapp**
*Partner*
T 212-940-3026
dschnapp@nixonpeabody.com

Tower 46
55 West 46th Street
New York, NY  10036-4120
212-940-3000

December 10, 2020

*By ECF, Courtesy Copy By Email*

**The Honorable Analisa Torres**
**United States District Court**
**Southern District of New York**
**United States Courthouse**
**500 Pearl Street**
**New York, NY 10007**

RE:  *O'Neil v. Emily Ratajkowski, et. al. (1:19-cv-9769-AT)*

Dear Judge Torres:

As the Court is aware, we represent Defendants Emily Ratajkowski and Emrata Holdings, LLC[1] ("Defendants") in the above-captioned matter.

We write in opposition to Plaintiff Robert O'Neil's ("O'Neil" or "Plaintiff") Letter Motion for Extension of Time to File Reply Letter dated December 9, 2020. Dkt 55. Plaintiff's request for extension of time must be denied because it is untimely and does not comply with the Local Rules.

## Plaintiff's Late Request is Inexcusable

The Local Rules of this Court state that "[a]bsent an emergency, any request for adjournments or extensions **must** be made at least 48 hours prior to the scheduled appearance or deadline. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline." Local Rule (I)(C) (emphasis supplied). As Plaintiff concedes in his letter, dated December 9, 2020, Plaintiff's reply was due on December 8, 2020 (within seven days of Defendant's opposition, which was filed on December 1, 2020). Plaintiff's request for an extension has, again, as Plaintiff admits, been submitted after the original deadline, and therefore must be denied.

---

[1] Plaintiff has conceded, in his letter to the Court dated July 24, 2020, (Dkt. 28), that he no longer seeks liability or damages against Defendant Emrata Holdings, LLC ("Emrata"). Defendants have requested in their pending motion for summary judgment that this Court dismiss this case against Emrata and hold Plaintiff and his counsel liable for Defendant Emrata's fees and costs in defending this action.

4848-0330-1076.4

Case 1:19-cv-09769-AT   Document 56   Filed 12/10/20   Page 2 of 3

December 10, 2020
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

This case was filed on October 23, 2019 and fact discovery closed on June 29, 2020. Plaintiff initially sought to submit late documents to the Court on November 24, 2020, six months after fact discovery closed. Mr. Liebowitz was subsequently suspended on November 25, 2020.

Plaintiff may not now use non-produced documents to "supply evidence on a motion, at a hearing, or at a trial, unless the failure [to produce] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Accordingly, "the Court may bar use of evidence not produced by a party in violation of its discovery obligations." *Heredia v. Americare, Inc.*, No. 17 CIV. 06219 (RWL), 2020 WL 3961618, at *5 (S.D.N.Y. July 13, 2020), reconsideration denied, No. 17 CIV. 06219 (RWL), 2020 WL 4748295 (S.D.N.Y. Aug. 17, 2020). *See* Dkt. 53. As set forth in Defendant's letter to the Court on December 1, 2020, the documents at issue were responsive to Defendant's document requests dated January 31, 2020, but were not produced. *Id.*

The fact that Plaintiff's counsel – Mr. Richard Liebowitz – has now been suspended is irrelevant and not an excuse.[2]

Indeed, this missed deadline comes after Mr. Freeman, who works in Mr. Liebowitz's office, has already been representing Plaintiff since the inception of this case on October 23, 2019. Mr. Liebowitz's suspension two weeks before this filing was due does not constitute any emergency, and therefore Plaintiff was required to file any request for extension 48 hours before the deadline. Plaintiff continues to be represented by the same law firm, and there is no justification for any delay, nor any need to transfer client files or docketing information. Moreover, on September 25, 2020, Defendants filed the summary judgment motion that triggered Plaintiff's belated attempt to produce documents that had never been produced before the discovery cutoff.

Now, Plaintiff is late in filing a response in support of *his own* Letter Motion, filed before Mr. Liebowitz was suspended, without any legitimate excuse, and months after fact discovery closed. Dkt. 52.

Therefore, Plaintiff is not entitled to any extension.

### **Plaintiff's Request is Deficient as Plaintiff Did Not Timely Seek Defendants' Consent**

Additionally, Local Rule (I)(C)(5) requires that any request for extension of time must state whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent. Plaintiff's Request for Extension contains no such information, as Defendants' consent was not sought before filing this Letter Motion. Mr. Freeman did seek Defendants'

---

[2] The irony is not lost that Mr. Freeman is attempting to use his colleague's suspension for failure to follow court orders as an excuse for his own failure to follow court rules.

4848-0330-1076.4

December 10, 2020
Page 3

consent to the extension on the Morning of December 10 – the day *after* the Letter Motion requesting an extension was filed. A copy of this email is attached hereto as Exhibit A.

Therefore, while Plaintiff's counsel apparently knew he needed to seek Defendants' consent, he chose to move forward with his Letter Motion without it.

### **Granting Plaintiff's Letter Motion Would Severely Prejudice Defendants**

Plaintiff's Letter Motion does not justify seeking to make previously undisclosed documents part of the record six months after the close of discovery and following the submission of Defendants' motion for summary judgment. Indeed, these documents were not produced during discovery and were not part of the record during depositions, part of the record during pre-motion submissions to the Court, or during summary judgment motions. Allowing Plaintiff to now provide new documents would severely prejudice Defendants as they have no opportunity to examine any witness about their contents or to include them in their extensive filings with the Court.

Accordingly, we respectfully request that the Court entirely reject Plaintiff's request for any extension.

We thank the Court for its attention to this matter.


Respectfully submitted,

*/s/ Daniel A. Schnapp*

DAS

Cc:  James H Freeman, Esq.

4848-0330-1076.4