

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

December 16, 2020

**VIA ECF**

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:     *O'Neil v. Ratajkowski,* 1:19-cv-09769 (AT)

Dear Judge Torres:

      We represent Plaintiff Robert O'Neil ("Plaintiff") in the above-captioned case. We write in further support of Plaintiff's *ex post facto* motion for leave to file a reply letter and attorney declaration one day past deadline [Dkt. #55]. Such reply papers were intended as further support for Plaintiff's motion for leave to file the U.S. Copyright Office's official certified deposit copies of the Photograph at issue. [Dkt. #52]

**A.    Plaintiff's Requested Relief to File an *Ex Post Facto* Reply One-Day Past Deadline is Warranted Under the Extraordinary Circumstances and Does Not Cause Defendant Any Prejudice**

      Defendant Emily Ratajkoswki ("Defendant") opposes the present request on grounds that Plaintiff did not seek an extension 48 hours prior to the December 8, 2020 deadline, as per Section I.C. of the Court's Individual Practices in Civil Cases, and did not seek Defendant's consent. But as explained in Plaintiff's principal letter, Plaintiff missed the deadline by one day and therefore sought the Court's relief *ex post facto*. Section I.C of the Court's Individual Practices provides that "Requests for extension will ordinary be denied if made after the expiration of the original deadline." Undersigned counsel respectfully submits that the present situation involves extraordinary circumstances that should excuse the neglect.

      Without advanced notice, Richard Liebowitz, who served as lead trial counsel in this matter, was suspended on the afternoon of November 25, 2020, the Wednesday before Thanksgiving weekend.  The effect of his suspension was not felt until the following Monday, November 30 when undersigned counsel (an associate) suddenly inherited full responsibility for 112 pending cases in SDNY.  Defendant filed its opposition letter the next day, on December 1, 2020.  Due to clerical oversight arising from tremendous administrative burden of inheriting 112 cases literally overnight (an event that is likely unprecedented), the deadline to file a reply was not properly calendared.  The administrative burden was also exacerbated by an additional Order issued on December 3, 2020, which imposed reciprocal suspension of Mr. Liebowitz in EDNY.

As a result of this extraordinary administrative burden, Plaintiff did not seek the Court's relief until one day past the December 8, 2020 deadline [Dkt. #55]. Plaintiff acted as soon as the error was discovered, and Defendant has failed to show that a one-day delay causes it any prejudice. Instead, Defendant seeks to capitalize on an understandable technical error to generate a victory on the merits.

**B.     Defendant's Argument That the Court Should Decline to Take Judicial Notice of Official, Government-Issued Documents That Were Not Produced During Discovery is Unavailing and Contradicts Existing Caselaw and the Federal Rules of Evidence**

Defendant avers that the Court should decline to take judicial notice of the U.S. Copyright Office's records on grounds that Plaintiff did not produce such documents during discovery. However, at least two courts in this District have taken judicial notice of official deposit copies after summary judgment was fully briefed. *Iantosca v. Elie Tahari, Ltd.,* No. 19-CV-04527 (MKV), 2020 WL 5603538, at *5 (S.D.N.Y. Sept. 18, 2020); *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412, 424 (S.D.N.Y. 2018) ("the copyright certificate that Otto originally submitted with his briefing [on summary judgment] did not include a copy of the photograph deposited with the United States Copyright Office . . . However, the issue was easily resolved when Otto filed on the docket a certified deposited copy of the copyright registration that included the Photograph, of which he requests the Court take judicial notice.").

Moreover, the Federal Rules of Evidence expressly provide that "[t]he court may take judicial notice <u>at any stage of the proceeding</u>." Fed.R.Evid. 201(d) (underlined added). The Federal Rules of Evidence further provide that "[t]he court <u>must</u> take judicial notice if a party requests it and the court is supplied with the necessary information." Fed.R.Evid. 201(c)(2) (underline added). Here the Copyright Office's certified deposit copies were timely presented to the Court on November 24, 2020 [Dkt. #52-1] Defendant then complained that the information provided had not been properly authenticated by Mr. Liebowitz. [Dkt. #53]

To remedy any doubts as to the authenticity of the Copyright Office's records, Plaintiff seeks to submit a sworn attorney declaration which verifies the fact that the Photograph is on deposit with the Copyright Office. Such fact cannot be reasonably contested as the records were issued by an official Government agency and are accessible to both the Court and Defendant at any time. *See Iantosca,* 2020 WL 5603538, at *5 (where Judge Vyskocil communicated directly with the Copyright Office to verify the deposit copies). Under these circumstances, Plaintiff respectfully submits that good cause has been shown for the Court to receive the reply and attorney declaration one-day past deadline for the purpose of taking judicial notice of the Copyright Office's records.

Respectfully Submitted,

**s/jameshfreeman/**
James H. Freeman

*Counsel for Plaintiff*