**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBERT O'NEIL,

                        Plaintiff,

    - against –

EMILY RATAJKOWSKI,
EMRATA HOLDINGS, LLC

                        Defendant.

1:19-cv-09769 (AT)

Hon. Analisa Torres

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ i

PRELIMINARY STATEMENT ................................................................................ 1

LEGAL STANDARD................................................................................................. 2

ARGUMENT ............................................................................................................. 3


POINT I:   THE COURT HAS OVERLOOKED THAT EMRATA FAILED TO FILE A
           RULE 56.1 COUNTER-STATEMENT AND THEREBY ADMITTED KEY
           FACTS CONCERNING ITS INFRINGEMENT LIABILITY ............................... 3

   A.   EMRATA FAILED TO FILE A RULE 56.1 COUNTER-STATEMENT ........................... 3

   B.   EACH OF THE CITED FACTS STATED IN PLAINTIFF'S RULE 56.1 STATEMENT ARE
        SUPPORTED BY INCONTROVERTIBLE RECORD EVIDENCE ..................................... 5

   C.   IF THE RECORD EVIDENCE WERE CONSIDERED, THE COURT WOULD HAVE DEEMED
        PLAINTIFF'S CLAIM AGAINST EMRATA TO BE OBJECTIVELY REASONABLE .......................... 7


POINT II:   AS AN EQUITABLE CONCERN, PLAINTIFF'S WITHDRAWAL OF THE
            CLAIM WAS MADE IN GOOD FAITH; WHEREAS, DEFENDANT FAILED
            TO WITHDRAW ITS FRIVOLOUS AFFIRMATIVE DEFENSES .................... 10


CONCLUSION................................................................................................... 12

# TABLE OF AUTHORITIES

### CASES

*Arista Records LLC v. Usenet.com, Inc.*,
  633 F. Supp. 2d 124, 147 (S.D.N.Y. 2009) ............................................................. 7

*Black v. USA Travel Auth., Inc.*,
  No. 99 Civ. 11278, 2001 WL 761070, at *2 (S.D.N.Y. July 6, 2001)...................................... 4

*Bryant v. Media Right Productions, Inc.*,
  603 F.3d 135, 144 (2d Cir. 2010)........................................................................ 8

*D'Nelson v. Costco Wholesale Corp.*,
  No. 03-CV-0219, 2006 WL 767866, at *3 (E.D.N.Y. Mar. 24, 2006)...................................... 4

*Gadsden v. Jones Lang Lasalle Americas, Inc.*,
  210 F. Supp. 2d 430, 438 (S.D.N.Y. 2002) ............................................................. 4

*Garden City Boxing Club, Inc. v. Morales*,
  No. 05-cv-0064, 2005 WL 2476264, at *10 (E.D.N.Y. Oct. 7, 2005)...................................... 7

*Gubitosi v. Kapica*,
  154 F.3d 30, 31 n.1 (2d Cir. 1998)...................................................................... 4

*Hughes v. Benjamin*,
  No. 17-CV-6493 (RJS), 2020 WL 4500181, at *3 (S.D.N.Y. Aug. 5, 2020)............................ 8

*International Controls Corp, v. Vesco*,
  556 F.2d 665, 670 (2d Cir. 1977)........................................................................ 3

*Irwin v. ZDF Enterprises GmbH*,
  No. 04 Civ. 8027, 2006 WL 374960, at *4 n. 3 (S.D.N.Y. Feb. 16, 2006) .............................. 7

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*,
  168 F.3d 347, 350 (9th Cir. 1999) ...................................................................... 3

*Lugo v. Artus*,
  No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) ............................ 3

*Millus v. D'Angelo*,
  224 F.3d 137, 138 (2d Cir. 2000)........................................................................ 4

*NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't of Hous. & Urban Dev.*,
  07 Civ. 3378(GEL), 2007 WL 4233008 at *1 n. 1 (S.D.N.Y. Nov. 30, 2007)........................... 6

*New York Times Co., Inc. v. Tasini,*
  533 U.S. 483, 121 S.Ct. 2381, 150 L.Ed.2d 500 (2001) .......................................................... 7

*Polsby v. St. Martin's Press, Inc.,*
  8 Fed.Appx. 90, 92 (2d Cir.2001) ........................................................................................ 10

*Rice v. City of Chicago,*
  333 F.3d 780, 785 (7th Cir. 2003) ........................................................................................ 11

*Rumsey v. New York State Dep't of Corr. Servs.,*
  580 F.Supp. 1052 (N.D.N.Y.1984) ........................................................................................ 3

*Sanofi-Synthelabo v. Apotex, Inc.,*
  363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005). ........................................................................ 2

*Shapiro, Bernstein & Co. v. H.L. Green Co.,*
  316 F.2d 304, 308 (2d Cir.1963) ........................................................................................... 7

*Shrader v. CSX Transp., Inc.,*
  70 F.3d 255, 257 (2d Cir. 1995) ............................................................................................ 2

*Vennet v. Am. Intercontinental Univ. Online,*
  No. 05 C 4889, 2007 WL 4442321, at *5 (N.D. Ill. Dec. 13, 2007) ................................ 11

*Wolde-Maskel v. Argus Cmty., Inc.,*
  No. 99 Civ. 10112, 2001 WL 883648, at *1 n.1 (S.D.N.Y. Aug. 7, 2001) .......................... 4

*Zalewski v. Cicero Builder Dev., Inc.,*
  754 F.3d 95, 108  (2d Cir. 2014) ........................................................................................... 8

## STATUTES

17 U.S.C. §505 ........................................................................................................ passim

## RULES

Fed. R. Civ. P. 60(b)(1) ......................................................................................................... 3
Local Civil Rule 6.3 .......................................................................................................... 1, 2
Local Civil Rule 56.1 ................................................................................................... passim

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil

Procedure, Plaintiff Robert O'Neil ("Plaintiff" or "O'Neil"), via counsel, respectfully submits

this memorandum of law in support of Plaintiff's Motion for Reconsideration or Reargument

of that portion of the District Court's Order, dated September 28, 2021, which awarded

defendant Emrata Holdings, LLC ("Emrata") its attorneys fees' and costs pursuant to section

505 of the Copyright Act, 17 U.S.C. §505. [Order, Dkt. No. 58, pp. 28-31]

## PRELIMINARY STATEMENT

Plaintiff respectfully asks the Court to reconsider its decision concerning attorneys' fees

and costs on grounds that substantial record evidence exists demonstrating a plausible connection

between Emrata and the alleged infringement.

In awarding summary judgment to Emrata (which was not contested by Plaintiff in his

submissions), the Court concluded that "Plaintiff has demonstrated no facts linking Emrata to the

copying of the Photograph"  [Order, Dkt. No. 58, p. 9] and further concluded in the fees analysis

that "there is no evidence of its [Emrata's] connection to the infringement." [*Id.* at 30]

However, as demonstrated below, the Court has overlooked substantial *undisputed* facts

in the record showing an inextricable link between Ratajkowski's and Emrata's co-extensive

activities and overlapping financial interests respecting Ratajkowski's personal Instagram

account (which by Ratajkowski's own admission is a vehicle for Emrata to make money).

Accordingly, it cannot be fairly stated that Plaintiff's claim against Emrata lacked the necessary

factual or legal support to render his claim objectively unreasonable for purposes of fee-shifting.

First, the Court overlooked that Emrata failed to file a counter-statement to Plaintiff's

Rule 56.1 Statement in support of his motion for summary judgment, as required by Local Rule

56.1, and thereby admitted key facts concerning Emrata's participation in the alleged infringement.  *See* L.R. 56.1(c).

Second, the Court overlooked Ratajkowski's deposition testimony showing that she was plausibly acting in her capacity as Emrata's sole owner and employee when posting content to her personal Instagram account, an account which generates money for Emrata.

Third, reconsideration is warranted on equitable grounds given that Plaintiff advised the Court of his intent to withdraw his claim against Emrata, despite its factual and legal support, in advance of summary judgment whereas defendants elected to burden the Court and Plaintiff with unnecessary briefing of boilerplate affirmative defenses without *any* factual evidence whatsoever (or even allegations).

Accordingly, Plaintiff respectfully requests that the Court permit re-argument or otherwise vacate its decision and order respecting an award of attorneys' fees and costs to Emrata.

## LEGAL STANDARD

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the

court may relieve a party . . . from a[n]  . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1).  "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Relief under 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record.  *See, e.g., Rumsey v. New York State Dep't of Corr. Servs.,* 580 F.Supp. 1052 (N.D.N.Y.1984) (granting 60(b)(1) motion where court may have overlooked triable issues of fact).  As more fully detailed below, Plaintiff's motion for reconsideration or reargument pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) satisfies the applicable standards.

## ARGUMENT

**POINT I:      THE COURT HAS OVERLOOKED THAT EMRATA FAILED TO FILE A RULE 56.1 COUNTER-STATEMENT AND THEREBY ADMITTED KEY FACTS CONCERNING ITS INFRINGEMENT LIABILITY**

### A.    EMRATA FAILED TO FILE A RULE 56.1 COUNTER-STATEMENT

Local Civil Rule 56.1 requires that the party moving for summary judgment submit a statement of undisputed material facts, and the party opposing summary judgment submit a

statement responding to each paragraph in the moving party's statement. Local Rule 56.1(a)-(b). Local Civil Rule 56.1(c) prescribes that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Local Rule 56.1(c).

If a non-moving party fails to submit a counterstatement, as required by Local Rule 56.1, "courts have deemed the moving party's statement of facts to be admitted and have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts." *D'Nelson v. Costco Wholesale Corp.*, No. 03-CV-0219, 2006 WL 767866, at *3 (E.D.N.Y. Mar. 24, 2006); *see also Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000) (holding that there was no genuine issue of material fact due to the plaintiff's failure to deny portions of the defendants' Rule 56.1 statement); *Gadsden v. Jones Lang Lasalle Americas, Inc.*, 210 F. Supp. 2d 430, 438 (S.D.N.Y. 2002) (rejecting plaintiff's untimely Rule 56.1 Statement and deeming the facts in defendant's Rule 56.1 Statement admitted); *Wolde-Maskel v. Argus Cmty., Inc.*, No. 99 Civ. 10112, 2001 WL 883648, at *1 n.1 (S.D.N.Y. Aug. 7, 2001) ("Because plaintiff failed to submit any papers opposing defendant's Rule 56.1 Statement of Undisputed Facts, the factual statements contained therein are deemed admitted by plaintiff." (citing Local Civil Rule 56.1(c); *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (per curiam))); *Black v. USA Travel Auth., Inc.*, No. 99 Civ. 11278, 2001 WL 761070, at *2 (S.D.N.Y. July 6, 2001) (rejecting plaintiff's late opposition to defendants' motions for summary judgment and deeming admitted the facts set forth in defendants' Local Civil Rule 56.1 Statements.").

Here, on October 7, 2020, Plaintiff filed a Rule 56.1 Statement in support of his motion for summary judgment. [Dkt. No. 45]  On October 28, 2020, Ratajkowski and Emrata timely filed a memorandum of law in opposition to Plaintiff's motion for summary judgment [Dkt. No.

48] as well as the attorney declaration of Daniel Schnapp. [Dkt. No. 49]  However, the record

shows that Emrata and Ratajkowski failed to file a counter-statement to Plaintiff's Rule 56.1

Statement and never sought an extension to do so. Accordingly, under L.R. 55.1(c) and

applicable Second Circuit law, key facts concerning Emrata's role in the alleged infringement

should be deemed duly admitted. *Millus*, 224 F.3d at 138.[1]

Specifically, Plaintiff's Rule 56.1 Statement avers in pertinent part as follows:

14.   "Ratajkowski owns and operates a company called Emrata Inc. which provides Ratajkowski's services as a working actress and model. [Ratajkowski Tr. 10:19-24]"

15.   "Ratajkowski is the sole employee of Emrata Inc. [Ratajkowski Tr. 11:8-11]"

17.   "Emrata Inc. is the vehicle through which Ratajkowski makes money from her acting and modeling services. [Ratajkowski Tr. 84:24-85-5]"

18.   "All the money that Ratajkowski makes through her status as a public figure, including through her Instagram account, is channeled through Emrata Inc. [Ratajkowski Tr. 85:6-15]"

41.   "The name of Ratajkowski's personal Instagram account is Emrata.  [Ratajkowski Tr. 18:14-16]"

42.   "Ratajkowski personally controls the Instagram account at Emrata. [Ratajkowski Tr. 19:3-6]"

45.   "All photographs displayed on the Instagram account at Emrata are posted by Ratajkowski. [Ratajkowski Tr. 19:7-14]"

[*See* Dkt. No. 45, ¶¶ 14, 15, 17, 18, 41, 42, 45]

**B.   EACH OF THE CITED FACTS STATED IN PLAINTIFF'S RULE 56.1 STATEMENT ARE SUPPORTED BY INCONTROVERTIBLE RECORD EVIDENCE**

---

[1] Paragraphs 14, 15, 17 and 18 of Plaintiff's Rule 56.1 Statement mistakenly refers to Emrata as "Emrata, Inc."; however, since Emrata Holdings, LLC is the only named defendant, Plaintiff respectfully submits that the 56.1 Statement plainly intended to refer to Emrata Holdings, LLC.

Plaintiff acknowledges that defendants' failure to file a Rule 56.1 counter-statement does not automatically relieve Plaintiff from "adduc[ing] admissible evidence in the record to support the factual assertions contained in [their] Rule 56.1 Statement." *NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't of Hous. & Urban Dev.,* 07 Civ. 3378(GEL), 2007 WL 4233008 at *1 n. 1 (S.D.N.Y. Nov. 30, 2007).

Here, each of the relevant facts stated in Plaintiff's Rule 56.1 Statement are supported by the record evidence, namely Ratajkowski's own deposition testimony.  Specifically,

**Rule 56.1, ¶ 14:** *"Ratajkowski owns and operates a company called Emrata Inc. which provides Ratajkowski's services as a working actress and model.*

• <u>Deposition Testimony</u>: Dkt. No. 44-4; Ratajkowski Tr. 10:19-24 ("I have my own entity as a working actress and model…").

**Rule 56.1, ¶ 15:** *"Ratajkowski is the sole employee of Emrata Inc."*

• <u>Deposition Testimony</u>: Dkt. No. 44-4; Ratajkowski Tr. 11:8-11 ("I am the only employee [of Emrata Holdings, LLC]").

**Rule 56.1, ¶ 17:** *"Emrata Inc. is the vehicle through which Ratajkowski makes money from her acting and modeling services."*

• <u>Deposition Testimony</u>: Dkt. No. 44-4; Ratajkowski Tr. 84:24-85-5 ("The money that I make from my various, you know, acting, modeling, is a part of Emrata Holdings)."

**Rule 56.1, ¶ 18:** *"All the money that Ratajkowski makes through her status as a public figure, including through her Instagram account, is channeled through Emrata Inc."*

• <u>Deposition Testimony</u>:  Dkt. No. 44-4; Ratajkowski Tr. 85:6-15 ("Q.  So the money you make from your Instagram page through these sponsored pages goes, the money goes through Emrata Holdings, LLC?  A. All the money I make as a public person goes through Emrata Holdings, LLC.  Q. So it's safe to say that the money you make from Instagram flows through that entity, correct? A. When I do a sponsored post, yes.").

**Rule 56.1, ¶ 41:**  *"The name of Ratajkowski's personal Instagram account is Emrata."*

• <u>Deposition Testimony</u>: Dkt. No. 44-4: Ratajkowski Tr. 18:14-16.

**Rule 56.1, ¶ 42:**  *"Ratajkowski personally controls the Instagram account at Emrata."*

6

• <u>Deposition Testimony</u>: Dkt. No. 44-4: Ratajkowski Tr. 19:3-6 ("Q. Just so that I understand, Emrata, you, yourself, control that Instagram account, correct? A. Correct.")

**Rule 56.1, ¶ 45:**   *"All photographs displayed on the Instagram account at Emrata are posted by Ratajkowski."*

• <u>Deposition Testimony</u>: Dkt. No. 44-4: Ratajkowski Tr. 19:7-14 ("Q. Do you personally post the photographs on the Emrata Instagram account? A. Yes.")

C.   **IF THE RECORD EVIDENCE WERE CONSIDERED, THE COURT WOULD HAVE DEEMED PLAINTIFF'S CLAIM AGAINST EMRATA TO BE OBJECTIVELY REASONABLE**

The above-stated facts, which are deemed admitted by Emrata's failure to timely file a counterstatement to Plaintiff's Rule 56.1 Statement, are sufficient to demonstrate an *objectively reasonable* claim that Emrata engaged in activity which rendered it liable for direct infringement or, in the alternative, vicariously liable for copyright infringement.

A defendant may be held liable for direct infringement where it has engaged in "volitional conduct" which violates a copyright holder's exclusive right to distribute his copyrighted material under section 106(3) of the Copyright Act. 17 U.S.C. §106(3). *See Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 147 (S.D.N.Y. 2009) (citing *New York Times Co., Inc. v. Tasini,* 533 U.S. 483, 121 S.Ct. 2381, 150 L.Ed.2d 500 (2001)). Alternatively, a defendant may be held vicariously liable for copyright infringement if it had the "right and ability to supervise the infringing activities and had an obvious and direct financial interest in the exploitation of [the] copyrighted materials." *Garden City Boxing Club, Inc. v. Morales*, No. 05-cv-0064, 2005 WL 2476264, at *10 (E.D.N.Y. Oct. 7, 2005); *see also Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304, 308 (2d Cir.1963) (holding vicarious infringement appropriate where defendant is "in a position to police the conduct of the 'primary' infringer"); *Irwin v. ZDF Enterprises GmbH,* No. 04 Civ. 8027, 2006 WL 374960, at *4 n. 3 (S.D.N.Y. Feb. 16, 2006) ("A party may be held vicariously liable for copyright infringement 'when the right

and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials.'") (citation omitted).

Here, it is undisputed that: (a) Ratajkowski is the owner and operator of Emrata and its sole employee [Ratajkowski Tr. 10:19-24)]; (b) Emrata is the vehicle through which Ratajkowski makes money from her acting and modeling services [Ratajkowski Tr. 84:24-85-5]; (c) all of the money that Ratajkowski makes through her status as a public figure, including through her Instagram account, is channeled through Emrata [Ratajkowski Tr. 85:6-15]; (d) the name of Ratajkowski's personal Instagram account is Emrata [Ratajkowski Tr. 18:14-16]; (e) Ratajkowski personally controls the Instagram account at Emrata [Ratajkowski Tr. 19:3-6]; (f) all photographs displayed on the Instagram account at Emrata are posted by Ratajkowski [Ratajkowski Tr. 19:7-14]

The Second Circuit accords the objective reasonableness factor "substantial weight" in determinations whether to award attorneys' fees. *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). "[A] lawsuit or litigation position is objectively reasonable if it has "a reasonable basis in law and fact." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 108 (2d Cir. 2014). Conversely, a lawsuit or litigation position is objectively unreasonable if it has "no legal or factual support." *Hughes v. Benjamin*, No. 17-CV-6493 (RJS), 2020 WL 4500181, at *3 (S.D.N.Y. Aug. 5, 2020) (citation omitted).

Here, based on the undisputed facts and applicable law, Plaintiff has set forth an objectively reasonable claim that Emrata was liable for the alleged infringement. Contrary to the Court's finding that Ratajkowski acted in her "personal capacity" when posting photographs

to her personal instagram account [Dkt. No. 58, p. 9][2], the record shows that Ratajkowski's

activities on her personal instagram account are inextricably intertwined with Emrata's corporate

activities.  Of particular import is the fact that when Ratajkowski posts photos to her personal

account, she is doing so as the sole owner and employee of Emrata, which benefits from all of

Ratajkowski's activies as a public figure.  Thus, Emrata has the ability to supervise

Ratajkowski's activities.  Moreover, by Ratajkowski's own admission, all of the money that

Ratajkowski makes through her status as a public figure, including through her personal

Instagram account, is channeled through Emrata.  This shows that Emrata has an obvious and

direct financial interest in the exploitation of copyrighted materials posted to Ratajkowski's

personal account.

    In awarding summary judgment to Emrata (which was not contested by Plaintiff in his

submissions), the Court concluded that "Plaintiff has demonstrated no facts linking Emrata to

the copying of the Photograph"  [Dkt. No. 58, p. 9] and further concluded that "there is no

evidence of its connection to the infringement." [*Id.* at 30]  However, as demonstrated above, the

Court has overlooked *undisputed* facts in the record showing an inextricable link between

Ratajkowski's activities and Emrata's interests respecting Ratajkowski's personal Instagram

account (which by Ratajkowski's own admission is a vehicle for Emrata to make money).

Further, when Ratajkowski posts images of herself to Instagram to increase her brand and

---

[2] Although Plaintiff admitted in his response to Defendants' Rule 56.1 Statement that
Ratajkowski "personally posts photographs on her Emrata Instagram account" [Dkt. No. 47, p.2],
that is not the equivalent of stating that she did so in her "personal capacity" (as distinguished
from her business capacity). There is no dispute that she is the only person who posts
photographs to Instagram, but the record shows that she does so to advance Emrata's business
and financial interests, as demonstrated herein.

visibility as a celebrity model and actress, a strong presumption exists that she is acting in her business capacity as the sole owner and employee of Emrata.[3]

Under these circumstances, it cannot be fairly stated that Plaintiff's claim against Emrata was without factual or legal support so as it to render it objectively unreasonable for purposes of fee-shifting. There is certainly enough record evidence to demonstrate the link between Emrata and Ratajkowski's posting of photographs to her Instagram account.  Whether or not such evidence was sufficient to survive summary judgment (had the issue been briefed) is not the question.  Rather, the question is whether the facts cited are sufficient to render the claim objectively reasonable for purposes of fee-shifting.  Plaintiff respectfully submits that had the Court taken such undisputed facts into consideration, the motion for attorneys fees' would have been denied.

**POINT II:**    **AS AN EQUITABLE CONCERN, PLAINTIFF'S WITHDRAWAL OF THE CLAIM WAS MADE IN GOOD FAITH; WHEREAS, DEFENDANT FAILED TO WITHDRAW ITS FRIVOLOUS AFFIRMATIVE DEFENSES**

"A defendant who prevails in a copyright action may be awarded attorneys' fees under 17 U.S.C. § 505 as a matter of the district court's equitable discretion, consistent with the purposes of the copyright laws." *Polsby v. St. Martin's Press, Inc.,* 8 Fed.Appx. 90, 92 (2d Cir.2001).

Reconsideration and/or re-argument of the Court's award of fees to Emrata is also warranted based on a balancing of the equities in briefing the cross-motions for summary judgment.  Whereas Plaintiff informed the Court of his intention to withdraw claims against

---

[3] The Court's finding that O'Neil himself lacked personal knowledge of Emrata's participation in the infringement should not be dispositive because his testimony plausibly indicates that he either lacked sophistication regarding the relationship between a public figure and her holding company, or may not have been adequately prepared to address such questions at his deposition. After all, O'Neil's Rule 26(a) disclosures did not state that he was knowledgeable about the corporate relationship between Ratajkowski and her LLC.

Emrata well in advance of briefing [Dkt. No. 28. p. 1] and therefore did not burden the Court or Emrata with unnecessary motion papers, defendants failed to withdraw their boilerplate affirmative defenses, thereby causing Plaintiff to incur fees and resources to address such defenses.

Indeed, on July 24, 2020, undersigned counsel e-mailed defense counsel and asked him to withdraw the "boilerplate" defenses of failure to state a claim, estoppel, waiver, license/acquiescence, copyright misuse, scenes a faire, unclean hands, and bad faith. Defense counsel never responded. Instead, Plaintiff dedicated five pages of its opening brief to dismissing those claims.

The Court determined that the very same defenses which should have been withdrawn by defendants lacked any evidentiary support. [Order, Dkt. No. 58, pp. 23-27] Defendants, of course, already knew that but elected to burden Plaintiff and the Court with unnecessary paperwork. Defendant's unclean hands should therefore preclude an award of fees.[4]

Plaintiff respectfully submits that it is highly inequitable that Defendant is permitted to escape any penalty for throwing defenses up against the wall to see what sticks, without a shred of factual evidence to support such defenses (or even factual allegations set forth in their answer). Meanwhile, Plaintiff did the right thing by advising the Court of his intent to withdraw an objectively reasonable claim against Emrata which does, in fact, have factual and legal support and presented a "close call." But in a twist of irony, it is the Plaintiff who has been

---

[4] In other contexts, federal courts have routinely determined that a request for sanctions should be analyzed in light of the movant's own misconduct. *See, e,g., Rice v. City of Chicago*, 333 F.3d 780, 785 (7th Cir. 2003) (vacating sanctions against plaintiff based on failure to meet discovery deadlines where "defendants were equally careless and negligent in complying with their discovery obligations"); *Vennet v. Am. Intercontinental Univ. Online,* No. 05 C 4889, 2007 WL 4442321, at *5 (N.D. Ill. Dec. 13, 2007) ("[a]ny dilatory conduct or failure to comply with discovery rules should also be considered in light of any discovery misconduct on the part of the party moving for sanctions").

ordered to pay fees for a claim which he did not pursue on summary judgment.  Plaintiff respectfully submits that such disposition is unfair and respectfully requests that the Court reconsider its award on equitable grounds.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully submits that the Court should grant Plaintiff's motion for reconsideration and/or to vacate that portion of its Order, dated September 28, 2021, which awarded attorneys' fees and costs to Emrata Holdings, LLC under section 505 of the Copyright Act.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**s/jameshfreeman/**
James H. Freeman, Esq.
1333A North Ave., Ste. 762
New Rochelle, NY 10804
(516) 233-1660
JF@LiebowitzLawFirm.com

*Counsel for Plaintiff*