**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBERT O'NEIL,

                    Plaintiff,

- against -

EMILY RATAJKOWSKI ET AL.,

                    Defendants.

Case No. 1:19-cv-9769-AT

## DEFENDANTS EMILY RATAJKOWSKI AND EMRATA HOLDINGS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS

Defendants Emily Ratajkowski and Emrata Holdings, LLC (collectively "Defendants") respectfully submit this Memorandum of Law pursuant to the Court's September 28, 2021 Order (Document ("Doc. No.") 58 (the "September 28 Order") in support of Emrata's application for attorneys' fees and costs arising from the Court's granting partial summary judgment dismissing Emrata and awarding Emrata its attorneys' fees and costs.

For the reasons set forth in the accompanying Declaration of Daniel A. Schnapp ("Schnapp Decl.") and below, Emrata respectfully requests recovery of $77,094.71 from Plaintiff Robert O'Neil in legal fees and costs.

This application is reasonable because Defendants incurred a combined total of $192,736.77 in fees and costs[1] spread equally over their defense, and Plaintiff's claim for damages was jointly asserted against them. This application is further reasonable because, as a matter of good faith, this application reduces the requested amount of fifty percent (50%) of the total fees incurred by an additional ten percent (10%) on top of the reduced fifty percent (50%), and therefore, seeks a total of forty percent (40%) of Defendants' total fees and costs.

## STATEMENT OF FACTS

The facts relevant to this application are set forth in the Court's September 28, 2021 Order and in the Schnapp Decl., and we respectfully refer the Court to those filings. The Schnapp Decl. contains a detailed description of the legal work done as a result of Plaintiff's infringement claim against Emrata. All entries reflect Nixon Peabody, LLP's ("NP") rates at the time of the entry. Schnapp Decl. ¶ 6, **Exh. A**. The Schnapp Decl. also substantiates the reasonableness of the hourly rates charged for the work performed. *Id*. ¶ 7.

---

[1] This total amount does not include the fees and costs incurred after receiving the September 28 Order on Defendants' opposition to Plaintiff's motion for reconsideration of the September 28 Order and this application for attorneys' fees and costs.

4826-5980-1290.2

## ARGUMENT

**EMRATA IS ENTITLED TO ITS SUBSTANTIATED REASONABLE ATTORNEYS' FEES FOR THE WORK NECESSITATED AS A RESULT OF PLAINTIFF'S INFRINGEMENT CLAIM AGAINST EMRATA**

### A. **Emrata Is the Prevailing Party Entitled to its Reasonable Attorneys' Fees**

In the September 28 Order, the Court granted the part of Defendants' motion for summary judgment (Dkt. No. 38) to dismiss Emrata and award Emrata its attorneys' fees. The Court awarded Emrata its attorneys' fees as the "prevailing party" under the Copyright Act, that empowers the Court to use its discretion to award Emrata's reasonable attorneys' fees. 17 U.S.C. § 505, *accord Fogerty v. Fantasy, Inc.*, 50 U.S. 57, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (455) (holding that "attorneys' fees are to be awarded to prevailing parties [ ] as a matter of the court's discretion").

A court should award fees pursuant to 17 U.S.C. § 505 when it finds that the plaintiff's claim was objectively unreasonable. *Fogerty*, 510 U.S. at 534 n. 19, 114 S.Ct. 1023; *See Screenlife Establishment v. Tower Video, Inc.*, 868 F.Supp. 47, 52 (S.D.N.Y. 1994) (Sotomayor, J.). Further, the court may find that the party was objectively unreasonable when a claim is "lacking in basis." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690, 2000 WL 98057, at *2 (S.D.N.Y. Jan. 18, 2000), aff'd, 8 F. App'x 90 (2d Cir. 2001).

In its the September 28 Order, the Court found that Plaintiff had not demonstrated Emrata's liability or facts linking Emrata to the copying of the subject photograph.[2] Accordingly, the Court found that the claims against Emrata were lacking in basis and awarded Emrata its fees and costs.

**B. Emrata's Attorneys' Fees Are Reasonable**

Attorneys' fees are awarded by determining the "presumptively reasonable fee," often referred to as the "lodestar." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (*quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-53 (2010). This fee is calculated by multiplying the "reasonable hourly rate and the reasonable number of hours required by the case." *Millea*, 658 F.3d at 166. The Schnapp Decl. shows each of Emrata's attorneys' reasonable rates and the reasonable time spent on each described task pursuant to defending Defendants.

When evaluating reasonable hourly rates, courts look at "the rate a paying client would be willing to pay," and take into account "all case-specific variables." *Arbor Hill*, 522 F.3d at 189-90. The Second Circuit's "forum rule" also requires courts to "generally use 'the hourly rates employed in the district in which the

---

[2] Referenced in the September 28 Order as the "Photograph" at issue depicting Ratajkowski on the street with her face covered by a bouquet of flowers. Photograph, ECF No. 1-1; Def. 56.1 Stmt. At 7-8.

4826-5980-1290.2

reviewing court sits' in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (*quoting Arbor Hill*, 493 F.3d at 119); *see also Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 314 (S.D.N.Y. 2009); *MGID, Inc. v. Outbrain Inc.,* 2016 WL 1337303, at *2-3 (S.D.N.Y. March 31, 2016) (reasonable hourly rate is based on prevailing rates in the community for similar services by lawyers of comparable skill and the reasonable number of hours should be supported by contemporaneous time records of work performed).

NP maintains a client value team responsible for setting NP's hourly rates and monitoring how those rates compare to other similarly situated "peer" firms of comparable skill, size, area of practice and geographic location. Schnapp Decl. ¶ 7. The rate analysis specifically includes comparisons to other attorneys' skills, level of experience and expertise in entertainment law and intellectual property within the Southern District of New York, as well as commensurate with attorneys with similar skills and expertise in New York, NY and Los Angeles, CA. Schnapp Decl. ¶¶ 8, 9 & 13. This fee application satisfies the requirements set forth in this District by setting reasonable hourly rates charged by similarly competent attorneys and reasonable number of hours based on detailed billing records while providing attorneys, dates, hours and the nature of the work performed. *See Midamines SPRL v. KBC Bank N.V.*, 719 Fed.Appx. 41, 43; *Amaprop Ltd. v. Indiabulls Financial*

*Services Ltd.*, 2011 WL 1002439, at *5-6 (S.D.N.Y. March 16, 2011).

### C.  Emrata Has Substantiated its Hours and Hourly Rates

The Schnapp Decl. includes time records for the attorneys' fees sought, billing rates sought, and substantiation for the billing rates sought. The Court's authority to award attorneys' fees on the facts presented is established by the September 28 Order and Defendants' motion for summary judgment.

The work described in this fee application took place across a fourteen-month period of October 2019 through December 2020. Schnapp Decl ¶ 10.[3]

Emrata attached the time records for each of those fourteen months to the Schnapp Decl. Schnapp Decl ¶ 6, Exh. A. The fees Emrata seeks begin with Defendants' attorneys analyzing the allegations raised in the complaint and ends with Defendants' final submission in support of their motion for summary judgment. Schnapp Decl ¶ 11. Further, the time entries are linked to the Court docket entries to which the time entries relate, allowing confirmation of the specific nature of the services, thus justifying all fees sought in this application. *Id.*

### D.  The Requested Amount Allocates Defendants' Total Fees and Costs Specific to Defendant Emrata

This application takes into account the total fees spent towards defending both Defendants, and then splits that total amount in half—*i.e.* discounting it by

---

[3] Emrata does not seek fees incurred after filing its motion for summary judgment.

fifty percent (50%). Schnapp Decl. ¶ 12. The Courts in this District frequently use their discretion to take the lodestar award for attorneys' fees and costs and split it evenly between the prevailing parties. *Moises v. Riverbank Restaurant LLC,* 2018 WL 7356770*, at \*2* (S.D.N.Y. December 21, 2018) (evenly splitting the total attorneys' fees and costs award between two plaintiffs*); Parilla v. Salt & Pepper on 33rd St., Inc*., 2013 WL 4536628, *at* \*1 (S.D.N.Y. April 8, 2013) (the Court exercised its discretion holding that costs and attorneys' fees issues to the prevailing plaintiffs were to be evenly split between the two plaintiffs). Similarly, if both Defendants prevailed on summary judgment, they would likely be ordered to evenly split their award for attorneys' fees and costs. *Id*. Because only Emrata prevailed, then that the lodestar award on fees and costs should be evenly split.

This application further takes that initial total amount and reduces that amount by another ten percent (10%), in good faith to cover any concerns of spending more time on one defendant than the other. *Id*. Accordingly, this application applies a sixty percent (60%) reduction to Defendants' fees and costs, therefore, only seeking forty percent (40%) of Defendants' total defense fees and costs. *Id*.

Although the Court can exercise its discretion to award fees for making this application and opposing Plaintiff's motion for reconsideration of the Court's September 28 Order, Emrata also removed those fees from this application.

## **CONCLUSION**

Emrata respectfully requests that the Court grant this application for attorneys' fees and costs in the amount requested.


Dated: October 28, 2021                    NIXON PEABODY, LLP



**/s/Daniel Adam Schnapp**
Daniel A. Schnapp
55 W. 46th Street
New York, NY 10036
(212) 940-3026
dschnapp@nixonpeabody.com
*Attorneys for Defendants*