**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT O'NEIL,<br><br>                              Plaintiff,<br><br>- against -<br><br>EMILY RATAJKOWSKI ET AL.,<br><br>                              Defendants. | Case No. 1:19-cv-9769 (AT)<br>   Honorable Analisa Torres |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR
REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Daniel A. Schnapp
NIXON PEABODY LLP
55 W. 46th Street
New York, NY 10036
(212) 940-3026
dschnapp@nixonpeabody.com
*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

PRELIMINARY STATEMENT ...........................................................................1

LEGAL STANDARD............................................................................................2

LEGAL ARGUMENT...........................................................................................3

POINT I:  PLAINTIFF'S MOTION FAILS PROCEDURALLY AND
SUBSTANTIVELY. .............................................................................................3

A.    PLAINTIFF'S MOTION PROCEDURALLY FAILS UNDER RULE
      60(B) BECAUSE IT DOES NOT IDENTIFY A BASIS FOR RELIEF
      UNDER THE ENUMERATED LIMITATIONS FOR
      RECONSIDERATION.................................................................................3

B.    THE COURT DID NOT OVERLOOK WHETHER EMRATA
      FILED A RULE 56.1 COUNTER-STATEMENT. .......................................4

      i.    The Court Considered Ample Evidence in Support of its
            September 28 Order.........................................................................4

      ii.   Plaintiff's Rule 56.1 Statement was Consistent with
            Defendants' Joint Rule 56.1 Statement .................................................5

C.    THE MOTION UNTIMELY RAISES A NEW OBJECTIVELY
      UNREASONABLE THEORY OF VICARIOUS LIABILITY THAT
      PLAINTIFF NEVER PREVIOUSLY ASSERTED.......................................6

      i.    Plaintiff Has Not Presented a Viable Theory for Vicarious
            Liability Against Emrata ......................................................................7

            (a)    Emrata had No Control over the Photograph.............................7
            (b)    Emrata had No Financial Interest in the Photograph.................8

D.    PLAINTIFF'S INFRINGEMENT CLAIM AGAINST EMRATA
      WAS OBJECTIVELY UNREASONABLE AND PLAINTIFF
      KNEW IT... 9

POINT II:  PLAINTIFF'S ARGUMENT THAT IT WITHDREW ITS
CLAIM MISSTATES THE RECORD. ..................................................................10

A.    PLAINTIFF NEVER VOLUNTARILY WITHDREW ITS CLAIM
      AGAINST EMRATA, FURTHER JUSTIFYING THE FEES AND
      COSTS AWARD IN THE SEPTEMBER 28 ORDER.................................10

B.    DEFENDANT DID NOT NEED TO ABANDON ITS
      AFFIRMATIVE DEFENSES.......................................................................11

CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aboushi v. U.S.*
(S.D.N.Y. March 13, 2007) 2007 WL 776812 ....................................................3

*Arista Records LLC v. Usenet.com, Inc.,*
633 F. Supp. 2d 124 (S.D.N.Y. 2009) ..................................................9

*Baity v. Kralik,*
51 F.Supp.3d 414 (S.D.N.Y.2014) ........................................................5

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*,
138 F. Supp. 3d 352 (S.D.N.Y. 2015), *aff'd sub nom.*.........................................4

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY,*
945 F.3d 83 (2d Cir. 2019) ..................................................4

*Employers Mutual Casualty Co. v. Key Pharmaceuticals*,
75 F.3d 815 (2d Cir.1996) ..................................................3

*Fleming v. New York Univ.,*
865 F.2d 478 (2c Cir. 1989)..................................................3

*Holtz v. Rockefeller & Co., Inc.*
258 F.3d 62 (2nd Cir. 2001) ..................................................5

*Mikol v. Barnhart,*
554 F. Supp. 2d 498 (S.D.N.Y. 2008) ..................................................3

*New York Times Co., Inc., v. Tasini*,
533 U.S. 483 (2001)..................................................9

*Shapiro, Bernstein & Co. v. H.L. Green Co.*,
316 F.2d 304 (2d Cir.1963) ..................................................8

*Waves Audio, LTD, et al. v. Reckless Music, LLC*
(S.D.N.Y. June 9, 2010) 2010 WL 2365689 ..................................................7

*Weissmann v. Freeman*
(S.D.N.Y. June 22, 1988) 120 F.R.D. 474..................................................4

**Other Authorities**

F.R.C.P. Rule 56.1 ................................................................................*passim*

F.R.C.P. Rule 60 ....................................................................................1, 2

F.R.C.P. Rule 60(b).................................................................................1, 3

F.R.C.P. Rule 60(b)(1-6)............................................................................2

F.R.C.P. Rule 60(b)(2) ...............................................................................4

## **INTRODUCTION**

Defendants Emily Ratajkowski and Emrata Holdings, LLC ("Defendants"), respectfully submit this opposition to Plaintiff Robert O'Neil's ("Plaintiff") Motion for Reconsideration or Reargument (Dkt. No. 61, (the "Motion")) of this Court's September 28, 2021, Order (the "September 28 Order" (Dkt. No. 58)).

## **PRELIMINARY STATEMENT**

Plaintiff's Motion for Reconsideration must fail for several reasons.

First, Plaintiff's Motion, brought pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), is procedurally defective because the Motion does not fall within the strict requirements of Rule 60(b), a Rule which is only employed in limited and extraordinary circumstances.[1]

Second, Plaintiff asserts that the Court overlooked whether Defendant Emrata submitted a counter-statement of undisputed facts under Rule 56.1.  This is not a cognizable ground for relief from a judgment or order under Rule 60 and Plaintiff offers no support for such a proposition.  Further, the record submitted to this Court on the parties' motions for summary judgment consisted of Rule 56.1 statements from each party as well as excerpts from the parties' sworn deposition testimony. Therefore, the Court was provided with the 56.1 Statements and an ample record when issuing its September 28 Order dismissing Emrata from this lawsuit.

Third, over one year ago, on July 24, 2020, Plaintiff represented to the Court that his claim against Emrata "was soon to be dismissed … in good faith"— conceding that the claims against Emrata were not sustainable.  (Dkt. 28, p.1).

---

[1] F.R.C.P. Rule 60(b) provides that under the Rule, "a court may grant relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

1

Plaintiff now argues that the uncontroverted facts in his Rule 56.1 statement are sufficient to find that his claims against Emrata were objectively reasonable, and therefore Emrata should not have been awarded attorney's fees. This assertion is undermined by Plaintiff's own admissions.

Further, the Court reviewed all of the parties' Rule 56.1 statements, including Plaintiff's sworn admission that he had "no idea" as to whether Emrata was involved in the alleged infringing activity. (Dkt. 58, at 30; *citing* Dkt. No. 41, Def. 56.1 Stmt., at 14). On this basis, the Court properly found that Plaintiff had no basis to include Emrata as a defendant at trial, Plaintiff should have voluntarily dismissed Emrata when he first said he was going to do it more than one year ago, and awarded fees as Emrata was a prevailing party under the Copyright Act.

Plaintiff also, incredibly, despite his statements to the Court, now seeks to assert a brand new claim of vicarious liability that is unsupported and contradicted by Plaintiff's own admissions. After the Court properly dismissed Emrata and awarded it attorney's fees, Plaintiff claims that the Court made a "mistake" by not focusing on a vicarious liability theory. Plaintiff's position is nonsensical because Plaintiff never asserted a vicarious liability theory, and in fact, Plaintiff's *own* sworn statement undermines his new and unsupported theory of recovery.

Accordingly, for the reasons set forth herein, the Court should deny Plaintiff's Motion in its entirety.

## **LEGAL STANDARD**

Motions for relief seeking reconsideration of an order must specify the grounds on which the motion relies. *Federal Rules of Civil Procedure ("FRCP"), Rule 60(b)(1-6)* ("Rule 60").

Rule 60 prescribes six (6) narrow limitations, which are mutually exclusive, and reasons justifying that relief under one exception cannot be a basis for relief

under another.  *Employers Mutual Casualty Co. v. Key Pharmaceuticals*, 75 F.3d 815, 824–25 (2d Cir.1996) (holding that "[a] movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requests").

A motion for reconsideration cannot be mere general pleas for relief.  Instead, the movant must "show that [ ] controlling authority or facts have actually been overlooked" and if movant "attempts to advance new facts, the motion for reconsideration must be denied."  *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008).

## LEGAL ARGUMENT

**POINT I:   PLAINTIFF'S MOTION FAILS PROCEDURALLY AND SUBSTANTIVELY.**

**A.   PLAINTIFF'S MOTION PROCEDURALLY FAILS UNDER RULE 60(B) BECAUSE IT DOES NOT IDENTIFY A BASIS FOR RELIEF UNDER THE ENUMERATED LIMITATIONS FOR RECONSIDERATION.**

Rule 60(b) provides six (6) grounds for a federal court to consider when ruling on a motion for reconsideration.  Plaintiff raises none here.

Plaintiff's Motion fails to assert whether this Motion seeks relief on the grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, satisfaction, or other justified grounds.  *See Aboushi v. U.S.* (S.D.N.Y. March 13, 2007) 2007 WL 776812, at *1 (denying a Rule 60(b) motion for failing to present grounds for relief enumerated in Rule 60(b)).  A motion under Rule 60(b) "cannot serve as an attempt to relitigate the merits" of a prior decision."  *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2c Cir. 1989).

Instead, Plaintiff argues that this Court overlooked an allegedly "missing Rule 56.1 counter-statement."

First, Rule 60(b) does not provide for relief from a judgment or order where a court "overlooks a missing 56.1 Statement as one of the six (6) grounds for relief from a judgment or order, and, indeed, Plaintiff cites no authority for such a proposition.

Moreover, the Court was provided excerpts from the key witnesses' deposition testimony, Rule 56.1 statements from each party (as reflected on the title of the document), Plaintiff's complaint and Defendants' answer, cross-motions for summary judgment, *and* Plaintiff's response to Defendants' Rule 56.1 statement. The Court was therefore provided with all of the key evidence when dismissing Emrata, leaving nothing further to consider, or "reconsider."

Moreover, Plaintiff's argument on vicarious liability is not based on "newly discovered evidence." A movant seeking relief based on newly discovered evidence under Rule 60(b)(2) must show that the newly discovered evidence is of a fact existing at the time of the ruling, but was not discoverable after using due diligence to learn about it. *Weissmann v. Freeman* (S.D.N.Y. June 22, 1988) 120 F.R.D. 474, at 476 (finding that the motion with new claims on preexisting discoverable facts was "frivolous, diversionary and devoid of merit and [was], in all respects, denied").

Similarly, here, Plaintiff's new theory of vicarious liability is devoid of merit because he did not offer any newly discovered facts for this newly asserted claim.

## B. THE COURT DID NOT OVERLOOK WHETHER EMRATA FILED A RULE 56.1 COUNTER-STATEMENT.

i.   *The Court Considered Ample Evidence in Support of its September 28 Order.*

Plaintiff argues that his Rule 56.1 statements were deemed admitted because Emrata did not file a Rule 56.1 counter-statement, and therefore, Plaintiff's infringement claim against Emrata should have prevailed. This is a frivolous argument on several levels.

4

First, a Rule 56.1 statement "is not itself a vehicle for making factual assertions that are otherwise unsupported by the record." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 393–94 (S.D.N.Y. 2015), *aff'd sub nom. Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY*, 945 F.3d 83 (2d Cir. 2019); *citing Holtz v. Rockefeller & Co., Inc.* 258 F.3d 62, 74 (2nd Cir. 2001).[2]

In any event, Defendants filed a joint Rule 56.1 statement (Dkt. No. 41) in support of Defendants' position on the cross-motions for summary judgment (Dkt. No. 38) asserting all pertinent facts in support of Defendants' positions on summary judgment that the Court properly referenced in its Order.

Furthermore, the Court's record fully supports all findings by the Court with respect to dismissing Emrata, the key witnesses' deposition excerpts, and the cross-motions for judgment.

For instance, the Court specifically refers to Plainitff's letter (Dkt. No. 28) when concluding that Plaintiff intended to dismiss Emrata.  Then the Court refers to Defendants' joint Rule 56.1 statement (Dkt. No. 41) when concluding that "Plaintiff has demonstrated no facts linking Emrata to the copying of the Photograph."  (Dkt. No. 58, at 9).

ii.   *Plaintiff's Rule 56.1 Statement was Consistent with Defendants' Joint Rule 56.1 Statement.*

Defendant Emrata filed a joint Rule 56.1 statement includes Emrata's statement that Ms. Ratajkowski had complete and personal control over posting the

---

[2] In fact, Rule 56.1 statements are disregarded "where the record does not support the assertions." *Holtz v. Rockefeller & Co.*, Inc. 258 F.3d 62, 74 (2nd Cir. 2001); see also *Baity v. Kralik*, 51 F.Supp.3d 414, 419 (S.D.N.Y.2014).

subject Photograph[3] on her Instagram—not Emrata. *Id.* Plaintiff's own counter-statement admits that this fact is "*undisputed*."

- Ms. Ratajkowski personally posts photographs on her Emrata Instagram account. *Deposition of Emily Ratajkowski dated June 25, 2020,* at page 19, lines 7–11.

- **Plaintiff's Response**: Undisputed

*(Dkt. No. 47, p.2).*

As a result, the Court properly concluded that "Plaintiff ma[de] no claims against Emrata in its motion for summary judgment, and there is no evidence of its connection to the [alleged] infringement." (Dkt. 58, p.30). Accordingly, Plaintiff's Rule 56.1 statement aligned with the September 28 Order to dismiss Emrata.

In fact, the Order points out that Plaintiff has no facts connecting Emrata to copyright infringement. (Dkt. No. 58, at 9). Accordingly, the Court considered all the evidence and found in favor of dismissing Emrata without the need for any further record evidence to controvert Plaintiff's cross-motion for judgment.

## C.   THE MOTION UNTIMELY RAISES A NEW OBJECTIVELY UNREASONABLE THEORY OF VICARIOUS LIABILITY THAT PLAINTIFF NEVER PREVIOUSLY ASSERTED.

Plaintiff's Motion untimely raises a vicarious liability theory that he never previously asserted in any pleading, including the complaint, his motion for summary judgment, or his opposition to Defendants' motion for summary judgment. To the contrary, over a year ago, on July 24, 2020, Plaintiff represented *to the Court* that his claim against Emrata "was soon to be dismissed … in good faith"—conceding that the claims against Emrata were not sustainable. (Dkt. 28, p.1).

---

[3] Referenced in the September 28 Order as the "Photograph" at issue depicting Ratajkowski on the street with her face covered by a bouquet of flowers. Photograph, ECF No. 1-1; Def. 56.1 Stmt. at 7-8.

In this letter to the Court, Plaintiff represented on the record that he was going to dismiss Emrata from the case—but he never did.  Thus, these new claims against Emrata are not only untimely, but they are raised in bad faith because now, over a year later, Emrata is still expending fees defending against Plaintiff's new and clearly abandoned theories of liability.

      i.    *Plaintiff Has Not Presented a Viable Theory for Vicarious Liability Against Emrata.*

      (a)    <u>Emrata had No Control over the Photograph.</u>

Plaintiff asserts a theory for vicarious liability against Emrata, arguing that Emrata somehow had a hand in Ms. Ratajkowski's alleged infringement.  The Court's September 28 Order expressly considered this issue and specifically found that Emrata did not have a role in the alleged conduct.

Although a defendant may be vicariously liable for copyright infringement if it had the right to supervise, police, or control the alleged infringing conduct—here, the alleged infringing posting of the Photograph—Emrata had no supervisory, policing power, or control over Ms. Ratajkowski's postings on her *personal* Instagram account.  (Dkt. No. 58, at 9)  The Court held that "it is undisputed" that Ratajkowski posts "in her personal capacity."  *Id*.

Plaintiff had no basis to assert this vicarious liability claim against Emrata, because it was undisputed amongst the parties' collective Rule 56.1 statements that the Photograph was only posted on Ms. Ratajkowski's *personal* Instagram account and that only she had control over what pictures were posted on her account.  (Dkt. No. 41, p.2, para. 6).  More specifically, Defendants' joint Rule 56.1 statement expressly states that Emrata had *no control* over Ms. Ratajkowski allegedly posting the subject photo on her account, because "Ms. Ratajkowski 'personally posts' photographs" on her Instagram account.  (Dkt. No. 42, p.2, para. 7).  Plaintiff's Rule 56.1 statement *conceded* that Ms. Ratajkowski's control over her account was *solely*

hers. (Dkt. No. 47, p.2). Moreover, Plaintiff's own Rule 56.1 statement confirmed it.

      (b)   <u>Emrata had No Financial Interest in the Photograph.</u>

Additionally, a defendant can be found vicariously liable if there is a significant financial interest or gain in the alleged infringement. *Waves Audio, LTD, et al. v. Reckless Music, LLC* (S.D.N.Y. June 9, 2010) 2010 WL 2365689, *3 (holding that "a party may be held vicariously liable for copyright infringement 'when the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials'"); *quoting Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 308 (2d Cir.1963).

Plaintiff concedes that Emrata was only a "*channel*" that Ms. Ratajkowski sourced her income derived from Instagram *if and only if* she did "a sponsored post." (Dkt. 47, para. 18; citing Ratajkowski Depo. Tr. 85:6-15). Plaintiff then admitted that neither he nor Defendants made any financial gain *at all* from the alleged posting. (Dkt. No. 47). As a matter of fact, Plaintiff testified at deposition that he has not even received "a few dollars" in income from the contested photograph, let alone Defendants receiving any income, which Ms. Ratajkowski clearly represented that Defendants had not. (Dkt. 41; *citing* O'Neil Depo. Tr. at 80:25-81:4).

It was undisputed that Emrata did not have the right and ability to supervise Ms. Ratajkowski's Instagram account coupled with an "obvious and direct financial interest in the exploitation" of the Photograph. It was also undisputed that the Photograph had no marketability at all—further supported by the fact that Plaintiff waived actual damages as a remedy and elected to seek statutory damages resulting from Defendants' alleged infringement because Plaintiff never received a penny of income from the Photograph and Ms. Ratajkowski did not receive any compensation from the alleged Instagram post. (Dkt. 38, at 18-19).

As neither Plaintiff nor Defendant Ms. Ratajkowski made any money from the subject photograph, Emrata did not have a financial interest.   Accordingly, Plaintiff's Rule 56.1 statements do not offer facts sufficient to show that Plaintiff had an objectively reasonable basis for his claims against Emrata, and therefore, his vicarious liability theory fails.

### D.   PLAINTIFF'S INFRINGEMENT CLAIM AGAINST EMRATA WAS OBJECTIVELY UNREASONABLE AND PLAINTIFF KNEW IT.

Plaintiff argues that the facts asserted in his Rule 56.1 statement are "sufficient to demonstrate an objectively reasonable claim that Emrata engaged in activity which rendered it liable"—either directly or vicariously.   (Dkt. No. 61, at p.7). Plaintiff's Rule 56.1 statement does not show that Emrata was either directly or vicariously liable for infringement.   It proves the opposite.

First, with respect to direct liability, it requires proving that Emrata engaged in "volitional conduct." *Arista Records LLC v. Usenet.com, Inc.,* 633 F. Supp. 2d 124, 147 (S.D.N.Y. 2009) (*citing New York Times Co., Inc., v. Tasini*, 533 U.S. 483 (2001)).

At this stage, it is absurd to now consider whether Emrata willfully engaged in infringing conduct, but Plaintiff now argues in this Motion that his claim is at least reasonable.   Plaintiff asserts this position in bad faith because it directly contradicts his earlier statement.

As noted in the September 28 Order, Defendants 56.1 Statement asserted that "*Plaintiff has no idea as to whether or not Defendant Emrata has anything to do with the subject matter of his complaint.*"   (Dkt. No. 41, p.8, para. 64).   Plaintiff's Rule 56.1 response says that fact is *"[u]ndisputed."*   (Dkt. No. 47, p. 14). Accordingly, Plaintiff already rejected the possibility that Emrata engaged in volitional conduct and is liable for direct infringement.   Again, a year ago, Plaintiff represented to the Court that his claim against Emrata "was soon to be dismissed …

9

in good faith"—conceding that the claims against Emrata were not sustainable. (Dkt. 28, p.1).

With respect to vicarious liability, the claim was grossly untimely, as well as legally and factually unsupported (as elaborated above in Section II.B.).

The Court's September 28, 2021, Order unequivocally supports that the infringement claim against Emrata is unreasonable when the Court ruled that "Plaintiff had demonstrated no facts linking Emrata to the copying of the Photograph." (*Id.* at p.9). With no facts, there can be no basis for the claims. Further, supporting the Court's September 28 Order is that the Court found that Plaintiff "admittedly has 'no idea" whether Emrata has *anything* to do with the subject matter of the complaint." (Dkt. 58, at 30; *citing* Dkt. No. 41, Def. 56.1 Stmt., at 14). Certainly, with "no idea," Plaintiff did not conduct a diligent review of the alleged facts before asserting the baseless claim against Emrata in his complaint on October 23, 2019.

Plaintiff cannot articulate an objectively reasonable basis to bring Emrata into this action, or at the very least, fails to voluntarily dismiss Emrata. Accordingly, the Court should uphold its well-founded September 28 Order dismissing Emrata after finding no basis for Emrata's involvement in this case.

**POINT II:  PLAINTIFF'S ARGUMENT THAT IT WITHDREW ITS CLAIM MISSTATES THE RECORD.**

**A.    PLAINTIFF NEVER VOLUNTARILY WITHDREW ITS CLAIM AGAINST EMRATA, FURTHER JUSTIFYING THE FEES AND COSTS AWARD IN THE SEPTEMBER 28 ORDER.**

Plaintiff informed the Court that it intended to dismiss *all claims* against Emrata in light of not "having any idea" of Emrata's involvement in the subject matter of the dispute. (Dkt. 27 & Dkt.58, p.30). After finding good cause, consistent with controlling authority and this case's record—including the cross-motions for summary judgment and the oppositions—the Court properly granted Defendants'

10

motion for summary judgment dismissing Emrata and awarded Emrata its attorneys' fees and costs.

It was disingenuous that months passed after Plaintiff agreed to withdraw its claims against Emrata "in good faith" but then never formally did.  The record has and continues to reflect objectively unreasonable assertions against Emrata, and therefore, the Court should continue to uphold its September 28 Order awarding Emrata its attorneys' fees and costs pursuant hereto.

**B.    DEFENDANT DID NOT NEED TO ABANDON ITS AFFIRMATIVE DEFENSES.**

Plaintiff does not and cannot present any authority suggesting that Emrata had an obligation to withdraw its affirmative defenses on motion for summary judgment. Plaintiff's argument is also self-defeating to Plaintiff's Motion, because Emrata would be expected to assert affirmative defenses, particularly where Plaintiff failed to voluntarily dismiss Emrata prior to the cross-motions for judgment and after he represented to the Court that he would do so.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion should be denied and Defendants should be awarded their fees and costs in defending this Motion.

Dated: November 2, 2021
New York, New York

NIXON PEABODY LLP

/s/Daniel Adam Schnapp
Daniel A. Schnapp
55 W. 46th Street
New York, NY 10036
(212) 940-3026
dschnapp@nixonpeabody.com
Attorneys for Defendants

11