UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT O'NEIL,<br><br>                      Plaintiff,<br><br>- against –<br><br><br>EMILY RATAJKOWSKI,<br>EMRATA HOLDINGS, LLC<br><br>                      Defendant. | 1:19-cv-09769 (AT)<br><br>Hon. Analisa Torres |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
APPLICATION FOR ATTORNEYS' FEES AND COSTS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT .............................................................................................................................. 2

A.  EMRATA'S RECOVERY SHOULD BE LIMITED TO $212.50, THE AMOUNT INCURRED BY EMRATA IN CONNECTION WITH THE CROSS-MOTIONS FOR SUMMARY JUDGMENT ................................. 2

B.  IN THE EVENT THE COURT AWARDS EMRATA FEES FOR THE ENTIRE COURSE OF LITIGATION, THEN RECOVERY SHOULD BE LIMITED TO $425.00, WHICH REFLECTS THE AMOUNT INCURRED TO PREPARE ATTORNEY WORK PRODUCT ON EMRATA'S BEHALF .......................... 4

C.  EMRATA HAS FAILED TO CITE ANY LEGAL AUTHORITY TO SUPPORT ITS NOVEL THEORY OF RECOVERY BASED ON FEE-SPLITTING BETWEEN A PREVAILING PARTY AND NON-PREVAILING PARTY ........................................................................................................................ 7

D.  LEAD DEFENSE COUNSEL'S HOURLY RATE SHOULD BE SET AT $425/HR. ............................... 8

CONCLUSION ........................................................................................................................... 10

**TABLE OF AUTHORITIES**

C<small>ASES</small>

*Bass v. Diversity Media Inc.*,
  No. 19-cv-2261 (AJN),, 2020 WL 2765093, at *6 (S.D.N.Y. May 28, 2020) ........................... 8

*Burk v. Med. Sav. Ins. Co.*,
  348 F.Supp.2d 1063, 1068–69 (D.Ariz.2004) ............................................................................ 5

*Conrad Associates v. Hartford Acc. & Indem. Co.*,
  994 F.Supp. 1196, 1200 (N.D.Cal.1998) ................................................................................... 4

*Hensley v. Eckerhart*,
  461 U.S. 424, 434 (1983) ........................................................................................................... 4

*Hirsch v. Sell It Soc., LLC*,
  No. 20 CV 153-LTS-BCM, 2020 WL 5898816, at *5 (S.D.N.Y. Oct. 5, 2020) ........................ 8

*Hoberman Designs, Inc. v. Gloworks Imports, Inc.*,
  No. CV 14-6743 DSF (SHX), 2016 WL 518702, at *2 (C.D. Cal. Jan. 19, 2016) ..................... 6

*In re Residential Cap., LLC*,
  517 B.R. 462, 496 (Bankr. S.D.N.Y. 2014), *aff'd in part, rev'd in part and remanded*, 552 B.R.
  50 (S.D.N.Y. 2015) .................................................................................................................... 5

*Lane Crawford LLC v. Kelex Trading (CA) (Inc.)*,
  No. 12-cv-9190 (GBD) (AJP), 2013 WL 6481354, at *7 (S.D.N.Y. Dec. 3, 2013), adopted
  2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014) ............................................................................. 9

*Mango v. BuzzFeed, Inc.*,
  397 F. Supp. 3d 368, 376 (S.D.N.Y. 2019) ............................................................................. 10

*Maverick Recording Co. v. Chowdhury*,
  No. CIVA CV07-640DGT, 2008 WL 3884350, at *1 (E.D.N.Y. Aug. 19, 2008) ..................... 7

*Meredith v. e-MDs*,
  No. 14-CV-00899 JAM CMK, 2014 WL 2612112, at *3 (E.D. Cal. June 11, 2014) ................ 4

*Moises v. Riverbank Restaurant LLC*,
  2018 WL 7356770, at *2 (S.D.N.Y. December 21, 2018) ........................................................ 8

*Mourabit v. Klein*,
  No. 18-cv-8313, 2020 WL 5211042, at *3 (S.D.N.Y. Sept. 1, 2020) ........................................ 3

*Neitzke v. Williams*,
   490 U.S. 319, 324–25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................................................................. 8

*Parilla v. Salt & Pepperon 33rd St., Inc.*,
   2013 WL 4536628, at *1 (S.D.N.Y. April 8, 2013) ..................................................................... 8

*Rich Prod. Corp. v. Bluemke*,
   No. 13CV30S, 2014 WL 860364, at *4 (W.D.N.Y. Mar. 5, 2014) ................................... passim

*Seelie v. Original Media Grp. LLC*,
   No. 19-cv-5643 (BMC), 2020 WL 136659, at *6 (E.D.N.Y. Jan. 13, 2020) ............................ 8

*U.S.A. Famous Original Ray's Licensing Corp. v. Famous Ray's Pizza Buffet Inc.*,
   12-cv-8753, 2013 WL 5363777, at *7-8 (S.D.N.Y. Sept. 26, 2013) ......................................... 9

**STATUTES**

17 U.S.C. §505 ............................................................................................................... passim

Plaintiff Robert O'Neil ("Plaintiff" or "O'Neil"), via counsel, respectfully submits this memorandum of law in opposition to defendants Emily Ratajkowski ("Ratajkowski") and Emrata Holdings, LLC ("Emrata")'s application for attorneys' fees and costs pursuant to section 505 of the Copyright Act, 17 U.S.C. §505. [Order, Dkt. No. 58, pp. 28-31]

## PRELIMINARY STATEMENT

On September 28, 2021, the Court entered an order awarding attorneys' fees and costs to Emrata – and Emrata *only* – as a prevailing party under section 505. [Dkt. No. 58, p. 30] The Court also held that "[a]s the Court has not resolved the instant motions in Ratajkowski's favor, she is not the prevailing arty." [*Id.*, p. 28]

In violation of the Court's order, the Notice of Motion indicates that *both* defendants, Ratajkowski and Emrata, are jointly applying for recovery of their attorneys' fees and costs. [Dkt. No. 64]   But therein lies the fundamental flaw with Emrata's theory of windfall recovery: it is based on the notion that Ratajkowski is also the prevailing party under section 505. As a matter of law, any legal fees incurred in the defense of Ratajkowski are simply not recoverable under section 505. Nonetheless, Defendants' present application seeks $77,094.71 in fees and costs, virtually all of which were incurred in the legal defense of Ratajkowski, a non-prevailing party.

Emrata has failed to document any substantial fees that were actually incurred in Emrata's defense of the action.  The pro forma invoices submitted with the instant motion only identify two specific tasks associated with the defense of Emrata, one taking place on 11/25/219 for $210.00 and the other on 6/26/2020 for $2281.50.  However, it is questionable whether these tasks were spent exclusively on the defense of Emrata, or whether they also included the defense of Ratajkowski.

1

Because Emrata has failed to identify any billable hours that were actually expended in the defense of Emrata, its recovery should be limited to an assessment of any attorney work product actually generated on behalf of Emrata during the course of litigation.

Thus, if the Court awards Emrata its fees for the entire course of litigation, the only demonstrable work product that defense counsel has performed on behalf of Emrata should be limited to 30 minutes billed on the parties' cross-motions for summary judgment, and an additional 30 minutes billed to prepare Emrata's duplicative written discovery responses.  This yields a maximum recovery of 1.0 hour of billable work at the rate of $450/hr., which is the accepted hourly rate for partners in copyright cases of this kind.

Finally, Emrata's newfangled theory that the Court may split a fee award between a prevailing party and non-prevailing party has never been recognized by any federal court. The two cases cited by Emrata in support of that proposition involve two prevailing parties, and are therefore inapposite.  Thus, any attempt to split the fees between Ratajkowski and Emrata would plainly violate section 505 of the Copyright Act, which only permits fees be awarded to the prevailing party.

## ARGUMENT

A.  **EMRATA'S RECOVERY SHOULD BE LIMITED TO $212.50, THE AMOUNT INCURRED BY EMRATA IN CONNECTION WITH THE CROSS-MOTIONS FOR SUMMARY JUDGMENT**

On July 24, 2020, Plaintiff manifested his good faith intent to withdraw his claims against Emrata as part of his letter motion requesting a pre-motion conference to move for partial summary judgment against Ratajkowski.  [Dkt. No. 28, p. 1 ("In good faith, Plaintiff intends to withdraw his claim against Ratajkowski's holding company, Emrata Holdings, LLC")]

The Court determined, however, that because Plaintiff failed to memorialize dismissal of his claim against Emrata through the filing of a Stipulation of Dismissal, Plaintiff "forced Emrata

2

to move for summary judgment." [Dkt. No. 30, p. 30] The Court's decision also implied that had Plaintiff taken the appropriate steps to secure formal dismissal of the claim prior to dispositive motion practice, an award of fees would have been inappropriate. [*id.* at 30-31 (citing *Mourabit v. Klein*, No. 18-cv-8313, 2020 WL 5211042, at *3 (S.D.N.Y. Sept. 1, 2020) for the proposition that "fees were not warranted because plaintiff voluntarily withdrew non-meritorious claims")].

Based on the foregoing, Plaintiff respectfully submits that Emrata's recovery should be limited to any documented fees and costs incurred by Emrata as a result of Plaintiff's neglect to file a Stipulation of Dismissal prior to the summary judgment briefing. The record shows that the attorney work product generated by defense counsel on Emrata's behalf during summary judgment was *de minimis*.

With respect to Ratajowski's motion for summary judgment [Dkt. Nos. 37-41], the only work product generated in Emrata's defense consisted of a two-sentence footnote contained in Ratajkowski's memorandum of law in support [Dkt. No. 38, p. 2, fn. 2] and fleeting references to Emrata in only four out of seventy-five total paragraphs in Defendants' Rule 56.1 Statement [Dkt No. 41, ¶¶ 4, 6, 7, 8, 64] The declarations submitted in support of Ratajkowski's motion for summary judgment are silent with respect to Emrata. [Dkt. Nos. 39 (Schnapp) and 40 (Ratajkowski)] The record shows that Ratajowski did not file a reply memorandum in further support her motion for summary judgment.

With respect to Plaintiff's cross-motion for partial summary judgment, Plaintiff's Rule 56.1 Statement proffers several factual statements concerning Emrata. [Dkt. No. 45, ¶¶ 14-19, 41-46, 57] However, Defendants neglected to file a Rule 56.1 counter-statement and therefore Emrata cannot show that it incurred any fees to respond to Plaintiffs' 56.1 Statement. While Ratajowski's opposition brief to Plaintiff's cross-motion refers to Emrata, such reference consists

of the same two-sentence footnote which was cut-and-paste from Ratajkowki's earlier memorandum of law at Dkt. No. 38, fn. 2. [Dkt. No. 50, p. 1, fn. 1]

Being generous, defense counsel could not have expended more than 30 billable minutes drafting the two sentence footnote contained in Defendants' memoranda of law, and four paragraphed statements in Defendants' Rule 56.1 Statement. At the reasonable hourly rate of $425/hr. for Daniel Schnapp's time, Emrata should therefore not recover more than $212.50 in attorneys' fees. This reflects the amount of reasonable fees that were *actually incurred* by Emrata in connection with the parties' cross-motions for summary judgment. There is no evidence that Emrata incurred any out-of-pocket costs respecting the summary judgment briefing.

**B.    IN THE EVENT THE COURT AWARDS EMRATA FEES FOR THE ENTIRE COURSE OF LITIGATION, THEN RECOVERY SHOULD BE LIMITED TO $425, WHICH REFLECTS THE AMOUNT INCURRED TO PREPARE ATTORNEY WORK PRODUCT ON EMRATA'S BEHALF**

Under Supreme Court law, the motioning party is required to exclude hours deemed "excessive, redundant, or otherwise unnecessary" from its request and must submit adequate documentation supporting "the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Where it is "impossible to predict what percentage of the work done [by counsel] would be in furtherance of" one claim versus another, a fees motion should be denied as "unduly speculative." *Meredith v. e-MDs*, No. 14-CV-00899 JAM CMK, 2014 WL 2612112, at *3 (E.D. Cal. June 11, 2014) ("it is unduly speculative to predict whether Plaintiff would be entitled to attorneys' fees for the entirety of the work performed by his counsel."); *accord Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1200 (N.D.Cal.1998) (noting that "defendant has not attempted to demonstrate which percentage of those [attorneys'] fees were

4

incurred to recover contract damages . . . and which percentage of those fees were expended to seek extra-contractual damages"); *Burk v. Med. Sav. Ins. Co.*, 348 F.Supp.2d 1063, 1068–69 (D.Ariz.2004) (noting that "it is unclear what portion of those [attorneys' fees] would be recoverable as fees incurred to obtain contract benefits").

Here, Emrata has failed to sufficiently document any billable hours that were actually incurred on Emrata's behalf. The pro forma invoices submitted with the instant motion only identify *two* specific tasks associated with the defense of Emrata, one taking place on 11/25/219 for $210.00 [Dkt No. 65-1, p. 2] and the other on 6/26/2020 for $2281.50 [Dkt. No. 65-1, p. 5] But, once again, it is unknown what portion of these tasks were spent exclusively on the defense of Emrata, versus what portion included work product generated as part of the defense of Ratajkowski.

As the hours billed have been conflated by defense counsel, recovery for the two aforementioned time entries should be denied and the Court should instead rely on the work product actually generated in connection with Emrata's defense. *See, e.g., Rich Prod. Corp. v. Bluemke*, No. 13CV30S, 2014 WL 860364, at *4 (W.D.N.Y. Mar. 5, 2014) (where the applicant's invoices fail to demonstrate which particular tasks were billed in connection with a specific claim, the court based the calculation of reasonable attorneys' fees on an assessment of the work product actually filed with the court); *see also In re Residential Cap., LLC*, 517 B.R. 462, 496 (Bankr. S.D.N.Y. 2014), *aff'd in part, rev'd in part and remanded*, 552 B.R. 50 (S.D.N.Y. 2015) ("the evidence the Reeds submitted concerning the attorneys' fees incurred in prosecuting the Reed Action does not break down fees among the many causes of action asserted in the Reed Action, so the Court is unable in any event to attribute any portion of those fees to prosecuting the CFA cause of action."); *Hoberman Designs, Inc. v. Gloworks Imports, Inc.*, No.

CV 14-6743 DSF (SHX), 2016 WL 518702, at *2 (C.D. Cal. Jan. 19, 2016) (awarding attorneys' fees under section 505 where the Court was able to identify $1,449.00 attributable to the defense of specific claims).

      Here, based on the invoices submitted in support of Emrata's application, it is impossible for the Court to determine which billable hours were expended on behalf of Ratajkowksi's defense, which are not recoverable under section 505, versus which hours were billed on behalf of Emrata. Because defense counsel failed to separately track and segregate those hours billed towards the defense of Emrata, the Court is asked to engage in a "guessing game" which would require the Court to speculate as to which hours were spent defending Emrata versus Ratajkowski.  Under these circumstances, Emrata's request of more than $77,000 is wholly speculative and not supported by the detailed documentation required by Supreme Court law. *Hensley*, 461 U.S. at 434.

      Notwithstanding Emrata's failure to detail any specific hours billed in defense of Emrata, the Court may award fees based on the actual work product generated on Emrata's behalf.  *Rich Prod. Corp.*, 2014 WL 860364, at *4.  Although Emrata declined to submit any evidence to the Court which details the hours spent working on the defense of Emrata, Plaintiff acknowledges that Emrata did serve written discovery in response to Plaintiff's request for the production of documents and first set of interrogatories.  [Declaration of James H. Freeman, ¶¶ 2-4] Accordingly, if the Court were to award Emrata fees for defending the entire course of litigation, such recovery should be limited to time spent generating tangible work product on Emrata's behalf. *Rich Prod. Corp.*, 2014 WL 860364, at *4.

      Emrata's written responses to Plaintiff's discovery demands, however, are wholly duplicative of Ratajkowski's written responses.  [Declaration of James H. Freeman, ¶¶ 2-4]

6

Thus, other than performing a mechanical "cut-and paste" job which could have been performed by any paralegal or secretary, Emrata has failed to demonstrate any work product that was actually generated by defense counsel prior to summary judgment.  Being generous, the fees incurred by defense counsel in duplicating Ratajkowski's written discovery responses could not have reasonably exceeded 30 minutes.

Thus, if the Court awards Emrata its fees for the entire course of litigation, the only demonstrable work product that defense counsel has performed on behalf of Emrata must be limited to the 30 billable minutes on cross-motions for summary judgment, plus the 30 billable minutes to prepare Emrata's duplicative discovery responses.  This yields a recovery of 1.0 hour of billable work at the accepted market rate of $450/hr.

C. **EMRATA HAS FAILED TO CITE ANY LEGAL AUTHORITY TO SUPPORT ITS NOVEL THEORY OF RECOVERY BASED ON FEE-SPLITTING BETWEEN A PREVAILING PARTY AND NON-PREVAILING PARTY**

"The Copyright Act does allow a court to award attorney's fees as part of the costs of litigation, but only to a prevailing party. 17 U.S.C. § 505." *Maverick Recording Co. v. Chowdhury*, No. CIVA CV07-640DGT, 2008 WL 3884350, at *1 (E.D.N.Y. Aug. 19, 2008) (underline added). As further examined below, Emrata's novel theory of recovery, which asks the Court to award attorneys' fees for work performed in the defense of a non-prevailing party, has never been recognized by any federal court and should be rejected.

Emrata's newfangled theory asks the Court to "take into account the total fees spent towards *defending both Defendants*, and then splits that total amount in half." [Dkt. No. 66, p. 6 (italics added)]  Emrata argues that "[c]ourts in this District frequently use their discretion to take the lodestar award for attorneys' fees and costs and split it evenly *between the prevailing parties*. [*Id.* at 7 (italics added)]  So by Emrata's own admission, it is asking the Court to credit time

7

billed towards defending Ratajkowski, a non-prevailing party, without detailing the hours actually billed on behalf of Emrata.

Emrata is correct that a district court may split a fee award between two prevailing parties. In *Moises v. Riverbank Restaurant LLC*, 2018 WL 7356770, at *2 (S.D.N.Y. December 21, 2018), the court split a fee award amongst two prevailing plaintiffs. Similarly, in *Parilla v. Salt & Pepperon 33rd St., Inc.*, 2013 WL 4536628, at *1 (S.D.N.Y. April 8, 2013), the court split a fee award on default judgment between two prevailing plaintiffs.

But *Moises* and *Parilla* are inapposite because the case at bar does not involve two prevailing defendants. Only Emrata prevailed. So any attempt to split the fees between Ratajkowski and Emrata would plainly violate section 505 of the Copyright Act, which only permits fees be awarded to the prevailing party. *Maverick Recording*, 2008 WL 3884350, at *1.

As Emrata has failed to cite any caselaw to support its theory that fees can be properly split between a prevailing party and non-prevailing party, Emrata's argument can be properly described as "frivolous." *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("A claim is frivolous when it lacks an arguable basis either in law or in fact.")

D.   **LEAD DEFENSE COUNSEL'S HOURLY RATE SHOULD BE SET AT $425/HR.**

"The Court's review of cases in this district shows that an hourly rate of $425 is reasonable for a partner in a copyright case." *Hirsch v. Sell It Soc., LLC*, No. 20 CV 153-LTS-BCM, 2020 WL 5898816, at *5 (S.D.N.Y. Oct. 5, 2020); *see also Bass v. Diversity Media Inc.*, No. 19-cv-2261 (AJN),, 2020 WL 2765093, at *6 (S.D.N.Y. May 28, 2020) (describing the reasonable range as $300 to $500 per hour for a partner in copyright cases); *Seelie v. Original Media Grp. LLC*, No. 19-cv-5643 (BMC), 2020 WL 136659, at *6 (E.D.N.Y. Jan. 13, 2020)

(finding the "$425 rate is consistent with rates allowed in this district"); *U.S.A. Famous Original Ray's Licensing Corp. v. Famous Ray's Pizza Buffet Inc.,* 12-cv-8753, 2013 WL 5363777, at *7-8 (S.D.N.Y. Sept. 26, 2013) (awarding $425 and $315 hourly rates for intellectual property partners), *adopted* 2013 WL 5664058 (S.D.N.Y. Oct. 17, 2013); *Lane Crawford LLC v. Kelex Trading (CA) (Inc.)*, No. 12-cv-9190 (GBD) (AJP), 2013 WL 6481354, at *7 (S.D.N.Y. Dec. 3, 2013), *adopted* 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014) (awarding $350 for intellectual property attorney).

Here, lead defense counsel Daniel A. Schnapp is seeking an hourly rate between $700 and $845 per hour [Dkt. 65-1], which is far in excess of the market rate of $425/hr. which courts in this District have recognized as the appropriate hourly rate for partners in copyright cases of this kind. Although Schnapp claims to have twenty years litigating intellectual property matters, his public profile indicates that his litigation experience consists of "industries spanning financial services, technology, hedge funds, entertainment, real estate and insurance." *See* https://www.nixonpeabody.com/en/news/press-releases/2019/06/17/daniel-a-schnapp-joins-nixon-peabody-complex-commercial-disputes-practice-in-new-york-city

Schnapp has also failed to identify any significant courtroom victories that he has obtained in the field of copyright law over the last twenty years. For example, has he litigated any substantial issues to trial, established key legal precedent, overturned decisions on appeal, or argued a benchmark copyright case to the U.S. Supreme Court? He doesn't say. He only states that the Court should double his market rate on account of his being included in *The Best Lawyers in America.* But it is commonly accepted that an attorney's inclusion in *The Best Lawyers in America* can be largely attributed to a big law firm's marketing budget. Accordingly, this is not a metric that the Court should consider in awarding a double market rate.

In short, the established market rate of $425/hr. is reasonable for Schnapp. Consistent with the precedent cited above, Ellie Heisler's hours, if any, should not be credited more than $375/hr. and the hourly rates of Nixon's two associates should be limited to $325/hr. or $350/hr. *See Mango v. BuzzFeed, Inc.,* 397 F. Supp. 3d 368, 376 (S.D.N.Y. 2019).

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully submits that Emrata's fee recovery, if any, should be limited to the one (1.0) billable hour that can be reasonably attributed to defense counsel's generation of demonstrable work product on Emrata's behalf. As such, recovery should be limited to a maximum of $425.00 under section 505 of the Copyright Act.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**s/jameshfreeman/**
James H. Freeman, Esq.
1333A North Ave., Ste. 762
New Rochelle, NY 10804
(516) 233-1660
JF@LiebowitzLawFirm.com

*Counsel for Plaintiff*
*Robert O'Neil*